HIRAM JACKSON, Appellant, v. ROBERT KEMBLE, Appellee.

### APPEAL FROM PEORIA.

The Legislature has power to confer jurisdiction upon the county court of Peoria county, to hear cases, in appeal from judgments of justices of the peace in civil matters.

THIS was an appeal taken from the judgment of a justice of the peace in Peoria County, to the county court.

The county court dismissed the appeal, for the want of jurisdiction in such cases. The appellee in that court assumed that the law of Feb. 9, 1855, in so far as relates to jurisdiction of appeals from justices, is unconstitutional.

GROVE and McCoy, for Appellant.

MANNING and MERRIMAN, for Appellee.

CATON, J. The case of *ex parte Welch*, 17 Ill. R. 161, settles the question of the constitutionality of the act of 1855, which confers the enlarged jurisdiction upon the magistrate before whom this cause was originally commenced, and it is unnecessary further to consider it here.

The next and only remaining question presented by the record, is whether the legislature had power to confer upon the county court of Peoria county, jurisdiction in appeal cases from the judgments of justices of the peace. The eighth section of the fifth article of the constitution provides that the circuit courts "shall have jurisdiction in all cases at law and equity, and in all cases of appeals from inferior courts." It is insisted that this clause confers upon circuit courts exclusive jurisdiction in all appeal cases from inferior courts, and deprives the legislature of the right to authorize appeals to be taken to any other courts. The same reasoning would lead to the conclusion that the circuit courts have exclusive jurisdiction in all cases at law and in equity, for the language of the constitution is as broad in the one case as in the other, so that the eighteenth section of the same article would be rendered entirely nugatory. That section provides that "The jurisdiction of the said (county) courts, shall extend to all probate, and such other jurisdiction as the general assembly may confer in civil cases, and such criminal cases as may be prescribed by law where the punishment is by fine only, not exceeding one hundred dollars." Now, it would be a very unsafe rule, for the construction of either constitutional or statute laws, to read one clause or section and construe it by itself to the exclusion

of all others. We can hardly say that nothing was meant by the last section quoted, especially as there is no trouble in giving it full operation without in the least interfering with or abrogating the first referred to. If the first had expressly given to the circuit court exclusive jurisdiction in all the cases there enumerated, there would undoubtedly be an apparent contradiction between the two, and we should be obliged to resort to some other rule for their construction, but as it is, we have simply to give effect to the language used in the eighteenth section, and hold that the legislature may exercise the power there conferred. That simply authorizes the legislature to confer upon the county court such civil jurisdiction as in its judgment may seem to be acquired by the public good, for so it is expressly said, and it only remains to be considered whether this appeal case in a civil cause is a civil case. We are of opinion that it is not a criminal proceeding, but that it is a civil case within the meaning of the constitution and that it was competent for the legislature to confer upon the county court the jurisdiction to try and determine it, and that it was error to dismiss it for the want of jurisdiction.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*