## CASS v. DAVIS.

| | |
|---|---|
| 1 | 43 |
| 1 | 195 |
| 2 | 9 |
| 3 | 242 |
| 3 | 516 |
| 1 | 43 |
| 14 | 19 |
| 1 | 43 |
| 5a | 229 |

JURISDICTION *of district and probate courts.* In civil cases, where the debt or sum claimed does not exceed $2,000, district and probate courts are of concurrent jurisdiction.

STATUTE *repugnant to Organic Act.* Sections 4, 5, 6, and 7, of the act of 1865, relating to probate courts (4 Sess. 98), which provide for appeals from probate to district courts, are repugnant to the Organic Act, and therefore inoperative and void.

APPEAL *from probate to district court.* The supreme court alone has revisory jurisdiction of the proceedings of probate courts, and an appeal will not lie from a judgment of a probate court to a district court.

*Error to District Court, Arapahoe County.*

DAVIS obtained judgment against Cass in the probate court of Arapahoe county, and the latter appealed to the district court, where the appeal was dismissed. The action of the district court was assigned for error.

The chief justice did not participate in the decision.

Mr. J. Q. CHARLES, for plaintiff in error.

Mr. ALFRED SAYRE, for defendant in error.

The chief justice did not sit in this case.

GORSLINE, J. The only question involved in this case is, whether appeals can be taken from the probate to the district courts. The cause has been very elaborately and ably argued, and is one, as relating to the appellate jurisdiction of the district courts, of very general interest. By section 9 of the original Organic Act, it was provided, that the judicial power of the territory should be vested in a supreme court, district courts, probate courts, and in justices of the peace, and in the same section it is further provided "that the jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate courts and of the justices of the peace, shall be as limited by law," with the proviso, that probate courts and justices of the peace shall not have jurisdiction of any matter in controversy when the title or boundaries of land may be in dispute, or when the debt or sum claimed shall exceed $100. It also provided, that writs of error, bills of exceptions and appeal, should be allowed from the district court to the supreme court under such regulations as shall be prescribed by law. It is contended by the plaintiff in error, that by the clause giving jurisdiction to the several courts, and that clause in the Organic Act extending the legislative power to all rightful subjects of legislation, consistent with the constitution of the United States and the Organic Act, that the legislature had the power to allow

appeals from the probate to the district court. To this conclusion we can see no reasonable ground of objection. There was nothing in the letter or spirit of the act to prohibit it — it would have been a rightful subject of legislation, and there can be no doubt, but that the legislature, if it saw fit, could have conferred that jurisdiction upon the district courts. In the year 1862, the territorial legislature memorialized congress to increase the jurisdiction of the probate courts. In 1863, congress, in answer to this memorial, passed an amendment to the Organic Act, which effected a radical change in our judicial system, at least, so far as the jurisdiction of probate courts is concerned. By the third section of the amendment it is enacted, that the probate courts shall not have jurisdiction in any matter in controversy in cases where the debt or sum claimed shall exceed the sum of $2,000, and in the same section it is further enacted, that the supreme, district, and probate courts respectively, shall possess chancery as well as common-law jurisdiction, and authority for the redress of all wrongs committed against the laws of the territory, affecting persons or property.

It will be seen from these enactments that the district and probate courts have concurrent jurisdiction in all civil cases where the amount in controversy does not exceed the sum of $2,000, at least in those places where the legislature see proper to confer the jurisdiction upon them. It is said that under these amendments the legislature can provide for appeals from probate to district courts. Possibly it may be so, but can any one suppose that it was the intention of congress so to legislate that appeals could be taken from one court to another of concurrent jurisdiction? There may be such a judicial system in some of the States, but I know of none. Supposing that the legislature should confer the increased jurisdiction contemplated by the amendment to the Organic Act upon all of the probate courts in the territory, what would hinder the legislature from providing for appeals from the district courts to the probate courts in all cases when the amount in controversy did not

exceed the sum of $2,000 ? The courts would have concur-
rent common-law and chancery jurisdiction, and I can
perceive nothing to prevent the legislature from so provid-
ing if it thought proper, and yet I can hardly believe that
it was the intention of congress to permit that appeals
might be taken from a court of unlimited jurisdiction to one
of a limited jurisdiction. It is further enacted, in the third
amendment to the Organic Act, that writs of error, bills of
exceptions and appeal, shall be allowed from the final
decisions of the district and probate courts to the supreme
court, under such regulations as shall be prescribed by law.
It is contended by the counsel for the plaintiff in error that,
because there are no negative words or words of prohibition
in this clause, that there is nothing to prevent the legisla-
ture to provide for appeals in a manner or to courts different
from that specified in the act.

But, in view of the extended jurisdiction conferred upon
the probate courts in the same section, could such have
been the intention of congress ? The language of the act
strikes me as equally strong and prohibitory, as if it read
that writs of error and appeals should be allowed from the
final decisions of the district and probate courts to the
supreme court, *and to no other.* We have been referred to
the cases of *Jackson* v. *Kemble,* 18 Ill. 580 ; *Burns* v.
*Henderson,* 20 id. 264 ; and *Harrison* v. *Doyle,* 11 Wis.
283, as sustaining the doctrine that, when the constitutions
of Illinois and Wisconsin had provided that the appellate
jurisdiction should remain in one court, still it was compe-
tent for the legislature of those States to provide that
appeals might be taken to another and different court. By
the constitution of Illinois it is provided : "That the circuit
courts shall have jurisdiction in all cases at law and equity
and in all cases of appeals from all inferior courts." By
another section it provides: "That the jurisdiction of the
county courts shall extend to all probate and such other
jurisdiction as the general assembly may confer in civil
cases." Under this last section of the constitution, the
legislature enacted that all appeals from decisions of

justices of the peace and police magistrates in Peoria county should be taken to the county court of that county.

In passing upon the cases referred to, the court say, that the word " shall," in the act of the legislature, should be construed to mean "may," in order that there should be no conflict between the act and the constitution, and then held, that, under the constitution and the law, appeals might be taken both to the circuit court and the county court of that county. It will be observed that, although the constitution conferred appellate jurisdiction on the circuit courts in all cases, still it also provided that the legislature might confer such jurisdiction upon the county courts as it deemed proper. One clause of the constitution was certainly as binding as the other, and the power given to the legislative assembly, to regulate the jurisdiction of county courts, was as great as that by which the jurisdiction of the circuit courts was provided for. I do not see that these authorities sustain the doctrine claimed for them.

The constitution of Wisconsin provides, that the supreme court shall have appellate jurisdiction only, and shall also have a general superintending control over all inferior courts. It also provides, that the circuit courts shall have appellate jurisdiction from all inferior courts and tribunals and a supervisory control over the same. In *Harrison* v. *Doyle*, above referred to, an appeal was taken from the county court of Milwaukee county to the supreme court, and it was urged, that the appeal should have been taken to the circuit court instead of the supreme court. The court held, that, as the constitution provided that the supreme court should have appellate jurisdiction co-extensive with the State, and the superintending control over all inferior courts, that the appeal was well taken. They held still further, that it was competent for the legislature to provide for the removal of causes by appeal from the county to the circuit court. Undoubtedly, if the legislature of that State had so provided, appeals could have been taken either to the circuit, or directly to the supreme

court. The constitution conferred appellate jurisdiction upon both courts, but it seems the legislature had not provided the manner of removing causes by appeal to the circuit court. This case certainly does not support the doctrine claimed for it, neither is it like the one at bar. Both in Wisconsin and Illinois, the appellate jurisdiction was expressly given or permitted to be given to two separate courts ; by the Organic Act of the territory it is vested in the supreme court.

But there is authority, and that of the very highest, to support the view which we have taken as to the construction to be given to the third amendment to the Organic Act.

The constitution of the United States, in its distribution of powers, declares that "the supreme court shall have original jurisdiction in all cases affecting ambassadors, other public ministers and consuls, and those in which a State shall be a party." "In all other cases the supreme court shall have appellate jurisdiction." It will be noticed, that neither in the grant of original jurisdiction nor in that of appellate jurisdiction are there negative words or words of restriction or prohibition. By an act of congress the supreme court was authorized to issue writs of mandamus in certain cases therein specified. In *Marburg v. Madison,* 1 Cranch, 137 (Curtis edition), an application was made to the supreme court for mandamus under the law of congress above referred to. It was urged in that case, as it is in this, that there being no negative or restrictive words in the grant of jurisdiction, it was in the power of the legislature to assign jurisdiction to the court in other cases than those specified in the constitution. I can see but little difference in this case and in the case at bar. The constitution in its grant of jurisdiction contained no negative or restrictive words. The Organic Act of the territory in its grant of appellate jurisdiction contains none. Upon that part of the case Chief Justice MARSHALL says : "Affirmative words are often in their operation negative of other objects than those affirmed, and in this case a negative or exclusive sense must be given to them, or they have no operation at

all." The court in that case held, notwithstanding the law of congress authorizing it, that, under the constitution, it had no power to issue a writ of mandamus.

We think the judgment of the district court must be affirmed.

Judgment affirmed, with costs.

*Affirmed.*