11   283
91   207

HARRISON vs. DOYLE.

APPEAL FROM COUNTY COURT, MILWAUKEE COUNTY.

Heard April 23.]                    [Decided June 4, 1860.

*Account Books—Evidence—Constitutional Law—County Courts.*

The plaintiff in an action to recover the balance of an account due him, testified, that the account was kept in a book, which was in the possession of the defendant, and stated the amount due was $654; but the book was not produced. In such case the jury might have believed that the book was in the possession of the defendant, and he might have produced it, had not the statement been correct.

Where there is evidence to sustain the verdict, it will not be disturbed, unless there has been some error in the rulings of the court.

It would be competent for the legislature to provide for the removal of all causes by appeal from the county courts to the circuits for review, before they should be brought to the supreme court; yet there is nothing in the constitution which renders this necessary, in order to give the supreme court jurisdiction of an appeal from the county courts.

This is an action brought to recover a demand claimed to be due on a contract, of $813 86, per balance due for wages

Harrison vs. Doyle.

as master of the appellant's vessel, and for monies paid out and expended. The defendant denied the indebtedness alleged in the complaint, and set up a counter claim of $2,947 49 with interest from 13th day of April, 1855, balance for fares and freights collected by the plaintiff for supplies, wages and expenses of running vessel, furnished and paid by the appellant, and alleged that the same amounted to $3,846 44, after deducting expenses of vessel, $898 95, for work, labor and materials furnished by the appellant for the respondent in moving the respondent's house, the further sum of $349 75, with interest from 1st July, 1856. The respondent replied, denying the counter claim.

The facts proved on the trial appear from the opinion of the court. The jury found for the plaintiff $600 damages, upon which judgment was rendered, and the defendant appealed.

*Emmons, Van Dyke & Hamilton*, for the appellant.

*E. Marriner*, for the respondents.


*By the Court*, COLE, J.   We can perceive no valid ground for disturbing this judgment, for, although the evidence as presented by the record, is somewhat confused, as to the true state of the accounts between the parties, still, it is plain to be seen that there was testimony given on the trial which fully supports the verdict of the jury.   The respondent himself was sworn, and testified as to the true state of the account between him and the appellant.   He stated, in substance, upon this point, that he kept an accurate account of the expenses of the vessel, from the time he took charge of her, in a certain account book, which book he says he afterwards saw at the appellant's house, and that there was due him at the close of navigation in the fall of 1854, the sum of $654.   The account book described by the respondent was not produced upon the trial, and the jury might have believed that it was in the possession of and under the control of the appellant, and that he would have produced it, had not the statements

of the respondent as to the state of the accounts have been correct. If such an account book in fact existed, which showed the mutual dealings of the parties, and contained all the various items of account, and exhibited the balance due, and this book was in the possession of the appellant, the jury might fairly presume that it was withheld from some improper motive, and that, if produced, it would corroborate the testimony of the respondent. However this may be, as there is testimony in the case to sustain the verdict, and as we do not discover any error in the ruling of the county court upon the trial, or in the instruction given to the jury, we must affirm the judgment.

Before leaving the case it may be proper to notice a motion which was made in the cause to dismiss the appeal. The motion having been already disposed of, reference is made to it now merely for the purpose of stating our decision upon it, but without any intention of giving the reasons upon which our conclusions were based.

The appeal was from the county court of Milwaukee county, and the ground relied on in the motion to dismiss the appeal was, that as the county court was an inferior court, the appeal, according to the provisions of the constitution, Art. VII, §§ 2 and 8, should have been to the circuit court of Milwaukee county, which has a general control over the inferior courts and jurisdictions in that county; and that this court has appellate jurisdiction only over causes coming from the circuit courts of the State. In the general statute organizing county courts, defining their jurisdiction in certain cases in the counties of Milwaukee, &c., chap 117, §§ 46, 54 and 55, it is provided that no appeal to the circuit court court shall be allowed in any cause tried by a county court, except in probate cases, but the cause may be removed to the supreme court in the manner provided for removing judgments rendered in the circuit courts. Now, while it was unquestionably competent

for the legislature in organizing the judicial system of the state to provide for the removal of all causes by appeal from the county court to the circuit court, to be reviewed by the latter before they should be brought to this court, yet we do not think there is any thing in the constitution which renders this necessary in order to give this court jurisdiction of causes tried in the county courts.

By the constitution the supreme court has appellate jurisdiction coextensive with the state, and the general superintending control over all inferior courts ; and we see no objection to the provisions of the statute, which enables a party to remove a cause by appeal or writ of error from the county courts, direct to the supreme court, instead of requiring the same to pass through the circuit court on its way to the court of final resort. Nor can we say that the law organizing the county courts, and conferring upon them civil jurisdiction in certain cases, is invalid for this reason.

Another circumstance may be alluded to, which has had a strong influence in bringing our minds to this conclusion, which is the fact, that we understand in some unimportant motion heretofore decided by the supreme court, the question as to the validity of the act organizing the county courts, and conferring upon them civil jurisdiction, and allowing appeals therefrom, direct to the supreme court, was directly presented, passed upon and the act sustained. Of course, such a decision, under which the legislature have from time to time organized county courts, and which has become a rule of property, could not be departed from, were our views upon the question otherwise than as we have expressed.

The judgment of the county court is affirmed.