## McNab vs. Noonan.

CONSTITUTIONAL LAW:     (1, 2) *Appeals from county courts to supreme court; Const. of Wis., art. VII, sec.* 8.

JURISDICTION—COUNTY COURT:     (3–7, 9) *How jurisdiction, when dependent on amount in controversy, to be determined.* (8) " *Amount in controversy "—Unsettled accounts.* (10, 11) *Procedure when want of jurisdiction shown.*

1. A statute which authorizes appeals to be taken directly from a county court to the supreme court in civil causes, is not in violation of sec. 8, art. VII of the state constitution.

2. The act which provides for changing the place of trial in certain cases from the circuit to the county court of Milwaukee county, is valid.

3. An order of the circuit court directing such a change is not, of itself, an adjudication that the amount in controversy is such as to bring the cause within the jurisdiction of the county court.

4. Where the question as to the amount in controversy is not settled or presented by the pleadings as they stand when the transfer is ordered, it may be raised by amendment or by additional pleadings in the county court.

5. When an amendment there made to the complaint avers facts showing jurisdiction in the county court, and an amended answer alleges facts which would show the contrary, the issue of fact thus made must be determined, before any order or judgment is made, seriously affecting the position of the parties.

6. It is error for the county court, in such a case, before the question of jurisdiction has been determined, to order a sale by a receiver of property in dispute in the action.

7. The fact that the circuit court of Milwaukee county, on a motion for a change of venue, sent the cause to the county court for trial, is not a *final* adjudication that the latter court has jurisdiction of the cause; but that court may still inquire whether the amount in controversy is in excess of its jurisdiction, and may proceed accordingly.

8. In an action for a balance alleged to be due the plaintiff from the defendant by reason of their dealings as co-partners, the amount of the unadjusted accounts of the respective partners with the firm, is the amount of the " money in controversy," within the meaning of the statute limiting the jurisdiction of the Milwaukee county court; and if the amount of such accounts exceeds $100,000, that court has no jurisdiction.

9. Such want of jurisdiction may appear, either from the admission of

McNab vs. Noonan.

the plaintiff, to be spread upon the record, that the amounts exceed the sum limited, or by proofs taken before the court or referee.

10. The county court, when its want of jurisdiction is thus shown, should make an order remanding the cause to the circuit court, stating in such order the reason therefor.

11. Such adjudication will be binding on the circuit court, which should thereupon vacate its former order changing the place of trial to the county court, and should send the cause to some other circuit court, in pursuance of the statutes relating to that subject.

APPEAL from the County Court of *Milwaukee* County.

The defendant appealed from an order directing the receiver appointed in this action to sell the real estate of the firm of Noonan & McNab. The circumstances under which the order was made will appear from the opinion:

*Jason Downer*, for appellant, argued that the removal of the cause from the circuit to the county court, was in violation of secs. 2, 3 and 8 of art. VII of the state constitution. He also cited sec. 1, ch. 37, Laws of 1868, which invests the county court of Milwaukee county with jurisdiction in certain cases, "*provided* the value of the property or the amount of money in controversy in any action in said county court, exclusive of costs, does not exceed one hundred thousand dollars," and he contended, 1. That in this proviso "*or*" is used for "*and*," and that the statute provides for three cases, viz., where property alone, or where money alone, or where both money and property are in controversy; and in the last case, if the value of the property *and* the amount of money, together, exceed the sum named, the court has no jurisdiction. 2. If the jurisdiction of an inferior tribunal like the county court does not appear on the face of the proceedings, it must be taken that it has no jurisdiction. *Griswold v. Mather*, 5 Conn., 435 ; *Powers v. The People*, 4 Johns., 292 and note ; *Hagan v. Foison*, 10 Pet.,160 ; *Kempe's Lessee v. Kennedy*, 5 Cranch, 173 ; 6 Shep., 340 ; 1 Doug., 384-390 ; 3 Chand., 75 ; 3 Wis., 310. 3. Even admitting that the county court would have jurisdiction in case of an *unsettled account*, where the debit side is over $100,000.

if the same is reduced by set-offs, credits or admitted payments to less than that sum, still there was nothing to show that the county court could take jurisdiction of this cause, at the time when the circuit court made the order sending the cause there for trial; and therefore the court had no authority to make that order. For the same reason the county court had not jurisdiction when it received the case; and if not, it could not give itself jurisdiction by permitting the complaint to be amended, or allowing affidavits to be filed. *Thompson v. Colony*, 6 Vt., 94; *Perkins v. Rich*, 12 id., 597; *McKee v. Murphy*, 1 Ark., 55; *Gregory v. Williams*, 24 id., 182; *Kanouse v. Martin*, 15 How. (U. S.), 207. 5. The first amendment of the complaint, even if properly allowed, fails to show that the amount of money and value of property in controversy are less than $100,000. 6. The answer to the amended complaint is in substance a plea to the jurisdiction of the county court, and the court had no right to take any step in this action, except to facilitate the trial of this issue, until this plea was disposed of. The making of the order appealed from was virtually overruling this plea; and for the purposes of the appeal, the statements of the amended answer relating to the jurisdiction must be taken as true. So taken, they show want of jurisdiction in three particulars: (1.) That the value of the Noonan block in controversy exceeded $105,000. (2.) That *Noonan's* account with the firm amounts to more than $700,000 on the debit side, and more than that amount on the credit side, and that the balance had never been settled or agreed on. In case of an account, the amount in controversy is the debit side of it. In case of notes and judgments on which payments are actually indorsed or made, the amount in controversy, according to some authorities, may be the balance due after deducting such payments. *McCormick v. Robinson*, 1 Chand., 254; *Southwick v. Merrill*, 3 Vt., 320. This doctrine is by some authorities not applied to *accounts* at all; and by others it is limited to *admitted payments. Bates v. Downer*, 4 Vt., 178; *Stroh v. Uhrich*, 1 W. &

McNab vs. Noonan.

S., 59 ; *Collins v. Collins*, 37 Pa. St., 387 ; 1 Chand., 254 ; *Stevens v. Howe*, 6 Vt., 572, and English authorities there cited. The debit side of an account, where payments are made and credited, remains unchanged, unless a balance is struck by agreement of parties. *Reed v. Talford*, 10 Vt., 568 ; *Willard v. Collamer*, 34 id., 596. None of the cases go so far as to decide that the amount in controversy is the balance of an account as found by the court, reduced by a set-off or any defense except an *admitted payment*. Here the pleadings and affidavits do not show any *expressly* admitted payments ; while the complaint does aver that defendant had caused to be made false credits to himself on the books of the firm. In *State v. Smith*, 14 Wis., 564, this court held that the inferior tribunal had no jurisdiction where the matters required to be *investigated and passed upon in the action* exceeded the amount limited as the extent of its jurisdiction. (3.) There was a direct issue as to the amount of money in controversy, the plaintiff alleging that it did not, and the defendant that it did, exceed $100,000. If this is good pleading, could the court, with such an issue before it, proceed without first trying that issue, and order the real estate of the firm sold ? 7. Even if the second amendment was valid, it still leaves the Noonan block "in controversy"—in dispute as to its value, ownership, and whether any and what part of it belongs to the firm. 8. The averment in the amended complaint that the amount of plaintiff's claim, the amount of the money in controversy, and the aggregate value of the property in or liable to come into the receiver's hands, each is less than $100,000, is bad pleading, being a conclusion of law ; but, if good pleading, it does not show that the amount of money *and* value of property in controversy, together, are less than $100,000. Hence the amended complaint does not show jurisdiction. 9. Even if the court had jurisdiction, the order for a sale of the real estate is erroneous. (1) Because such real estate has not been by the parties conveyed to the receiver. 19 N. Y., 376. (2) Because there had been no judgment in the action dissolving the partnership, and directing an account.

*Butler & Winkler*, for respondent, called the attention of the court to the fact that the abuse of the act authorizing a change of the place of trial on the ground of the prejudice of the judge, has become a public scandal, and is tending, more than any other one thing, to bring judicial proceedings into contempt. They insisted that this act is rarely resorted to for its proper purpose of insuring a fair trial where prejudice exists in the judicial mind, because it does not often happen that judges are influenced by prejudices to such an extent as to endanger the impartial administration of justice; while it is often made the means of continuing causes after motions for continuance, in form, have been exhausted, and of removing causes, not for prejudice, but because the rulings of the court do not accord with the wishes of the moving party. As to the merits of the appeal, they cited sec. 2, ch. 37, Laws of 1868, which provides that whenever a change of the place of trial shall be granted in any action pending in the circuit court for Milwaukee county, on account of the prejudice of the judge, the place of trial shall be changed to the county court of said county," provided the action be one of which the county court would have jurisdiction according to the provisions of this act; " and they argued that the question for the circuit court in such a case, is, whether the county court would have jurisdiction of the cause *on the facts as they exist*, and not whether those facts are stated in the complaint; and therefore that the circuit court may satisfy itself as to the amount in controversy by affidavits of the parties. 2. Again, if a case in ejectment or partition, where the property does not exceed $10,000 in value, should be originally brought in the county court, and the pleader should neglect, through inadvertence, to state the value of the property, that court could, certainly, permit an amendment by which the jurisdictional fact would be made to appear. If so, the amendments to the complaint in this case, made in the county court, were properly allowed. 3. Sec. 1 of ch. 37, Laws of 1868, enlarging the jurisdiction of the county court, refers to two

classes of cases : one affecting property, real or personal, as partition suits, actions of ejectment, replevin and the like ; and the other, actions the gist of which is the amount of money in dispute. *Page v. Harrison*, 20 Wis., 323. This case belongs to the latter class. The question is, not what amount of business Noonan & McNab did ; not what amount of transactions it may be necessary to examine on the books of the firm ; nor yet, what amount of property it may be necessary to subject to the jurisdiction of the court, in winding up the partnership business, etc. ; but simply, what balance is claimed on the one hand and disputed on the other. The *issue* is, whether any and what sum will be found due the plaintiff, after payment of the partnership debts ; and the transactions appearing on the books are merely items of *evidence.*    4. The fact that the property known as Noonan's Block is of the value of $105,000, does not affect the jurisdiction. Real estate acquired by the firm in its business, is to be treated as personal property ; and under either the original or amended complaint, plaintiff could recover only for such amount of the partnership property and money, if any, as were fraudulently used in the purchase of the lots and erection of the building. And we do not claim that we are entitled to recover a larger sum than $100,000.    5. The distinction between this case and that of *State ex rel. Child v. Smith* (19 Wis., 531), is plain. In this, the amount to be recovered does not depend on the amount of business transactions of the firm; whereas, in a divorce suit, the amount of alimony depends on the value of the husband's estate, and hence, on the question of alimony, the value of such estate is in controversy between the parties.

The following opinion was filed at the January term, 1871 :

LYON, J. The action was commenced in the circuit court for Milwaukee county, for the purpose of a dissolution of a copartnership between the parties, and an adjustment and settlement of the copartnership business. The pleadings are in the

usual form of pleadings in such actions; and the parties there-in, as is quite common in such cases, mutually charge each other with having done the things which they ought not to have done, and left undone the things which they ought to have done, in respect to the business of the firm; and each claims that on a fair adjustment of their accounts the other will be found largely indebted to the firm. The value of the property or the amount of money in controversy in the action does not appear from the pleadings.

In the progress of the action, and before any account of the partnership business had been taken, the defendant made and filed an affidavit of the prejudice of the circuit judge, in the usual form, and in addition, stated therein that the action in-volved accounts between him and the firm of Noonan and McNab to the amount of over one hundred thousand dollars, and that the accounts to be investigated and passed upon therein amounted to over two hundred thousand dollars. The plaintiff thereupon filed an affidavit made by himself, in which he states that the aggregate value of all the property which has come, or which is liable to come, to the hands of the receiver in the action, is less than one hundred thousand dollars, and that his claim against the defendant is less than one hundred thou-sand dollars. The circuit court changed the place of trial to the Milwaukee county court. After the action reached the county court, the plaintiff, by leave of court, amended his com-plaint by adding thereto an averment, as follows: "that the amount of money which he claims to recover in this action from the defendant is less than one hundred thousand dollars, and that the amount of money in controversy does not exceed one hundred thousand dollars, *and* that the aggregate value of the property which has come, or is liable to come to the hands of the receiver, does not exceed that sum."

The defendant answered the amended complaint, or rather such amendment, by denying that the amount of money in con-troversy does not exceed one hundred thousand dollars, and by

alleging that his account with the firm was over $700,000 on the debit side, and over $700,000 on the credit side thereof; that the final balance had never been determined; that the account of the plaintiff with the firm is over $53,000, and he is credited with only about $6,000; that the balance of the plaintiff's account has never been agreed upon; that the firm owes about $20,000; and that Mr. Orton claims that it owes him $40,000 more. The correctness of this last demand is not admitted, however, but on the contrary the answer claims that the true balance of accounts is the other way.

The original complaint charged that the defendant holds the legal title to certain real estate in the city of Milwaukee; that he acquired the greater part thereof, and erected a block of stores therein, known as Noonan's Block, during the continuance of the co-partnership; and that in making such purchase and erecting such block he fraudulently used large amounts of the money and property of the firm. It also avers "that the same is actually partnership property by reason of having been bought and erected with co-partnership funds, and this plaintiff claims an interest therein, and that said *Noonan* holds the same in trust for said Noonan and McNab," and prays, among other things, "that said defendant may be decreed to convey to such receiver the said real estate hereinbefore described, on which said Noonan block is situated."

The answer to the amendment to the complaint alleges that such real estate is worth one hundred and five thousand dollars.

On the filing of such answer, certain affidavits were read tending to show that such real estate was worth considerably over one hundred thousand dollars.

The court allowed the plaintiff further to amend his complaint by striking out that portion of the original complaint in relation to the Noonan block above quoted, but leaving the averment therein that the defendant had fraudulently used the property and money of the firm in purchasing the lots and erecting the block.

This amendment was allowed on the first day of December, 1870, and on the next day the county court made an order directing the receiver, who had been previously appointed, to sell the real estate of the firm of Noonan & McNab. This order was made on the application of the plaintiff, and the defendant has appealed therefrom to this court. The argument in this court has been addressed mainly to these two questions:

1st. Is the statute which directs a change of venue in certain cases from the circuit court for Milwaukee county to the Milwaukee county court, a constitutional and valid enactment? And if so,

2nd. Does it sufficiently appear in this action that the value of the property or the amount of money in controversy is within the jurisdiction of the county court?

I. It is claimed that the statute which authorizes and directs such change of the place of trial from the circuit to the county court (General Laws of 1868, ch. 37, sec. 2), is in violation of art. VII., sec. 8, of our state constitution. That section of the constitution is as follows: " The circuit courts shall have original jurisdiction in all matters, civil and criminal, within this state, not excepted in this constitution, and not hereafter prohibited by law, and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. They shall also have the power to issue writs of *habeas corpus, mandamus*, injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions."

As I understand the argument, it is, that this constitutional provision gives the circuit courts appellate jurisdiction from *all* inferior courts and tribunals; that the Milwaukee county court is an inferior court or tribunal, over which the circuit court for that county must necessarily have a supervisory control, and from which it must also have appellate jurisdiction, by virtue of such provision of the constitution; and that it is absurd to

say that the place of trial of an action may be changed from the circuit court to the county court, when, upon appeal or *certiorari*, the same action must be finally disposed of in such circuit court.

Were the premises correct, there would be much force in the argument. But the premises are not correct. In civil actions the circuit court for Milwaukee county has not appellate jurisdiction from the county court. It was so adjudged in *Harrison vs. Doyle*, 11 Wis., 283. It was there held that, although the legislature *may* provide by law for the removal of all causes by appeal from the county to the circuit court, yet the constitution does not require absolutely that it *shall* do so in all cases, and that a statute which authorizes appeals to be taken directly to this court from the county court, without requiring the action to pass through the circuit court, is a constitutional and valid enactment. It was stated in that case, in the opinion, which was delivered by Justice COLE, that at an earlier day, and in some case or motion, the decision of which seems not to have been reported, this court held the same doctrine, and the decision in *Harrison vs. Doyle* was made partly on that ground. The court thought it a proper case for the application of the rule *stare decisis*. If that rule was then applicable, how much stronger is the reason for its application now, after the lapse of eleven years since the last decision, during which time the principle asserted by the court has been constantly acted upon, both as a basis of legislation and as a rule of property throughout the state, to such an extent that to overrule it now would greatly disorganize our judicial system, and would seriously unsettle, and perhaps destroy, immense property rights acquired on the faith thereof.

Placing its decision in some measure upon the rule *stare decisis*, as before stated, the court, in *Harrison v. Doyle*, did not deem it necessary to discuss the principle decided, to any considerable extent; and as we have no report of the original decision to which reference has been made, we are not fully advised of the grounds upon which the court rested its decision in either case.

I may be permitted, therefore, in view of the importance of the question, and for the purpose of the inquiry as to whether this is a case to which the rule *stare decisis* ought to be applied, to present a few suggestions on the subject.

It will be observed that sec. 8 of art. VII of the constitution, above quoted, gives the circuit courts "*original* jurisdiction in all matters, civil and criminal, within this state, *not excepted in this constitution, and not hereafter prohibited by law,* and *appellate* jurisdiction from all inferior courts and tribunals, and a *supervisory control* over the same." The remainder of the section provides the means and agencies by and through which such jurisdiction is to be exercised and enforced.

There can be no question that the legislature has the power, under this section, to restrict the *original* jurisdiction of the circuit courts. Such jurisdiction is given in all matters, civil and criminal, *not thereafter prohibited by law.* The irresistible conclusion from this language is, that, if prohibited by law, the jurisdiction, to the extent prohibited, may be taken away.

Would it be a strained construction of the language of the section to say that it permits the legislature to restrict the *appellate* jurisdiction of the circuit courts, as well as their *original* jurisdiction? There are two methods by which such original jurisdiction may be restricted. One is where the restriction is contained in the constitution, and the other where it is imposed by law. Did the constitution, in some other portion of it, contain a restriction upon the appellate jurisdiction of the circuit courts, could it be doubted that the exception contained in sec. 8 would be held applicable to the appellate jurisdiction of those courts, and that the restriction would be operative? Suppose a section had been inserted in the bill of rights to the effect that appeals from the judgments of justices of the peace should be taken directly to the supreme court, and it should be argued that the section was repugnant to that portion of section 8 of art. VII., which provides that the circuit courts "shall have appellate jurisdiction from *all* inferior courts:" would it not be

held that the words "not excepted in this constitution," apply to the *appellate* as well as to the *original* jurisdiction of those courts, and that the two provisions were not repugnant? If then the words "not excepted in this constitution" are applicable to and may operate as a restriction upon such appellate jurisdiction, why may not also the words "not hereafter prohibited by law," which are inserted in precisely the same connection, operate in the same manner and to the same extent?

If the rule of construction here suggested be correct, this provision of the constitution has the same force and effect that it would have were the qualifying words transposed therein, so that the section would read as follows: "The circuit courts shall have original jurisdiction in all matters civil and criminal, within this state, and appellate jurisdiction from all inferior courts and tribunals, not excepted in this constitution, and not hereafter prohibited by law, and a supervisory control over the same." And if such is the true interpretation of that provision, the former decisions by this court of the questions under consideration, are manifestly correct. In that case there can be no doubt that the legislature may restrict the appellate jurisdiction of the circuit courts.

While I do not say that this is the true interpretation of the constitutional provision, I submit that the arguments in support of it are too strong to warrant us in overturning former decisions of this court which may have been, and probably were, based upon such interpretation. The rule *stare decisis* should be applied, unless the former determination is most evidently contrary to reason and law. Broom's Legal Maxims, *112.

It must be again held, therefore, that the law which takes from the circuit court for Milwaukee county appellate jurisdiction from the Milwaukee county court in civil causes, is not in contravention of the constitution.

This disposes of the only argument which has been suggested, or which occurs to our minds, against the validity of

the law which provides for changing the place of trial of certain civil actions from the circuit to the county court. I know of no good reason why the legislature may not, in its discretion, provide by law for a change of the place of trial of an action from a superior to an inferior court, in any case where such superior court has not appellate jurisdiction from such inferior court of the same action. And even in the latter case, it is not entirely clear that such law would be unconstitutional. If the circuit court for Milwaukee county had appellate jurisdiction from the county court in all civil actions, the law which provides for changing the place of trial of certain civil actions from the circuit to the county court might be an unwise law, and might fail to accomplish all that it was intended to accomplish; yet we are not prepared to say that it would, in such case, be a violation of any fundamental principle, and therefore void. But we do not decide this question.

It must be held, therefore, that the act which provides for a change of the place of trial of certain civil actions from the circuit court for Milwaukee county to the Milwaukee county court, is a valid law.

II. We now come to the consideration of the other question above stated, as to whether it sufficiently appears that the value of the property or the amount of money in controversy in the action is within the jurisdiction of the county court?

This question has become of much less importance by reason of the enactment of chap. 152, General Laws of 1871, increasing such jurisdiction of the county court from one hundred thousand dollars to five millions of dollars, in all civil actions commenced after the passage of the act; provided that act is a valid law, a question which we are not required to decide on this appeal, and which we do not decide.

The law applicable to this action, limiting the jurisdiction of the county court, is contained in the proviso to sec. 1 of chap. 37 of the General Laws of 1868, which is as follows: "*Provided*, that the value of the property or the amount of money

McNab vs. Noonan.

in controversy in any action in said county court, exclusive of costs, do not exceed one hundred thousand dollars." As before stated, the pleadings do not show the value of the property or the amount of money in controversy in the action; and, for the purposes of an action in the circuit court, it was not necessary that these facts should be stated in the pleadings, nor would it be reasonable to require parties to an action in that court to insert averments in their pleadings with reference to a possible application for a change of the place of trial to the county court. It may be true, as claimed by counsel for the respondent, that the abuse of the act which directs a change of the place of trial whenever a party to the action presents to the court, in which such action is pending, an affidavit of the prejudice of the judge thereof, is a public scandal, and tends to bring judicial proceedings into contempt; and it is doubtless true that much perjury is committed in making such affidavits, and judges are frequently most grievously insulted and wronged by them; yet the practice of making such applications has not yet become so common as to raise a presumption that it will be made in any given case, and to require a party to shape his pleadings with reference to the law of some other tribunal.

So, when the application was made in this case for a change of the place of trial, the pleadings did not inform the circuit court whether the county court had or had not jurisdiction of the action. The parties presented to the court their own affidavits on the subject, the plaintiff deposing to a state of facts which he claims brings the case within the jurisdiction of the county court, and the defendant deposing to a state of facts which he claims excludes such jurisdiction. The circuit court, without making a formal decision of the question of jurisdiction, sent the case to the county court, and the parties, in the manner already stated, attempted to raise and perhaps to settle the question, by amended and additional pleadings.

I do not think that the mere fact that the circuit court sent the case to the county court, is an adjudication that the county

McNab vs. Noonan.

court had jurisdiction thereof; and I think that where the question of the jurisdiction of the county court is not settled or presented by the pleadings as they stand at the time the change of the place of trial is awarded (and such was the case here), it is correct practice to raise such question by amendment, or by additional pleadings in the county court.

. Conceding, for the purpose of this case, that the amendment to the complaint shows affirmatively that the action is within the jurisdiction of the county court (a proposition of the correctness of which I have great doubt), the amended or additional answer of the defendant certainly states facts which, if proved, would demonstrate that the amount and value involved in the action are beyond the jurisdiction of that court to investigate and adjudicate. This additional answer, therefore, is in the nature of a plea to the jurisdiction of the court, and presents an issue which has not yet been tried, but which must be tried before the question of jurisdiction can be definitely settled.

The only question remaining to be disposed of is, whether, until such issue is tried, and until it is definitely settled that the county court has jurisdiction of the action, that court ought to make an order directing the sale of all the real estate of the firm. We are all of the opinion that the question must be resolved in the negative. Should the sale be made, and the property conveyed, and the proceeds thereof collected and applied, as it is fair to presume would be the case, and should it afterwards, upon the trial of such issue, be determined that the court had no jurisdiction of the action, the effects which might follow such determination might, and probably would, be far more disastrous than could possibly result if such sale be postponed until the question of jurisdiction is tried and determined.

We are of the opinion, therefore, that the order of the county court directing such sale should be reversed.

*By the Court.*—So ordered.

The respondent, in person, moved for rehearing, upon the

McNab vs. Noonan.

ground that the question of jurisdiction had been adjudicated by the circuit court when it made the order sending the cause to the county court; and had also been twice adjudicated by the county court itself, in allowing the amendments to the complaint, before the order here appealed from was made.

LYON, J. After a careful review of our decision upon this appeal, we are confirmed in the opinion that such decision is correct. It is proper to remark, however, that when we said that the mere fact that the circuit court sent the case to the county court was not an adjudication that the county court had jurisdiction thereof, we only intended to hold that this was not a *final* adjudication upon that point. It is doubtless a universal rule, that whenever, in the progress of an action, it appears that the court in which the same is pending has not jurisdiction of the subject matter thereof, such court can proceed no farther in the action. And this is the case whether the want of jurisdiction appears by the pleadings or is demonstrated by the evidence. Hence, although the circuit court may have adjudicated that the record did not show that the county court had no jurisdiction of the action when the application was made for a change of the place of trial, yet that could not be an adjudication that the county court had absolute jurisdiction of the action.

We are asked to give a construction to the clause in sec. 1, chap. 37, Laws of 1868, limiting the jurisdiction of the Milwaukee county court, and to indicate the correct practice in case such court finds that it has no jurisdiction of this action.

These points have been quite fully argued, and, although, for the purposes of the decision of this appeal, it was not absolutely necessary that the court should pass upon them, yet, under the circumstances of the case, we have concluded that it is proper to give an opinion thereupon. We do not deem it necessary to enter into a discussion of these subjects, but will simply state the conclusions at which we have arrived.

1st. As to the construction of the statute before mentioned,

when applied to this action.   We are of the opinion that the amount of the unadjusted accounts of the respective partners with the firm is, "money in controversy" in the action, within the meaning of the law, and that if the amount of such accounts exceeds the sum of one hundred thousand dollars, the county court has no jurisdiction.   And in such case we are of the opinion,

2nd.  That such want of jurisdiction may be ascertained either by the admission of the plaintiff, to be spread upon the record, that such accounts do exceed that sum, or by proofs taken before the court or a referee; and when it is thus made to appear that the county court has not jurisdiction thereof, that court should remand the cause to the circuit court for Milwaukee county, stating in its order remanding the same the reasons therefor.   Such adjudication will be binding upon the circuit court, and it will thereupon be the duty of that court to vacate its order, changing the place of trial to the county court, and to send the case to some other circuit court, pursuant to the statutes relating to the change of venue for the cause set forth in the affidavit of the defendant therefor.

The motion for a rehearing must be denied.

*By the Court.*— Motion denied.