66   415.
91   207

BOOKHOUT, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 17 — September 21, 1886.*

CONSTITUTIONAL LAW: BASTARDY. *(1, 2) Municipal courts: Jurisdiction. (3) Form of warrant in bastardy. (4) Docket and return: Adjournments for "cause shown." (5) Unauthorized entry of plea. (6) Informal recognizance: Jurisdiction. (7) Evidence: Reputation of prosecutrix.*

1. The municipal court of Dane county is a *municipal* court, within the meaning of sec. 2, art. VII, Const., as distinguished from an *inferior* court.

2. Sec. 2515, R. S., providing that all examinations and recognizances from justices of the peace of Dane county in bastardy cases shall be certified and returned to the municipal court instead of to the circuit court of that county, is not in violation of sec. 2, art. VII, Const., which provides that the jurisdiction vested in municipal courts " shall not exceed, in their respective municipalities, that of circuit courts in their respective circuits, as prescribed in this constitution."

3. The mandate of a warrant issued under sec. 1530, R. S., was to bring the accused before the justice " to be dealt with according to law," instead of " to answer to such complaint." *Held*, that the informality did not deprive the justice of jurisdiction.

4. The docket of a justice and the return made to the municipal court, showing that the proceedings upon an examination in bastardy were adjourned from time to time " for cause shown," need not state the specific causes for granting such adjournments.

5. The entry of a plea of not guilty upon the refusal of the accused to plead to a complaint in bastardy, though unauthorized and unnecessary, is not ground for a reversal of the judgment.

6. Informalities in a recognizance to answer the complaint in bastardy proceedings, are immaterial after the party has appeared and been tried.

7. In bastardy proceedings the accused cannot impeach the reputation of the prosecutrix for chastity.

ERROR to the Municipal Court of *Dane* County.

This is a proceeding under the bastardy act (R. S. ch. 64) to charge the plaintiff in error as the father of a child alleged to have been begotten by him upon the body of the prosecutrix, one Amelia Illgen, an unmarried female. The complaint was made before a justice of the peace of Dane county, before whom the accused was examined. The justice adjudged that there was probable cause to believe the accused guilty, and held him for trial before the municipal court of that county. He was tried in the latter court, found guilty, and, after a motion for a new trial had been denied, judgment of affiliation was rendered against him. He has sued out a writ of error from this court to obtain a review of such judgment.

So much of the case as is essential to an understanding

of the errors assigned for a reversal of the judgment is stated in the opinion.

*T. B. Chynoweth,* for the plaintiff in error, contended, *inter alia:* 1. The proceedings are purely statutory and must be in strict accordance with the statute. A failure to comply with sec. 1530, R. S., goes to the jurisdiction of the subject matter. It is like the defective affidavit for garnishment in *Steen v. Norton,* 45 Wis. 412; like defective appeal papers in the many cases cited in *Baker v. State,* 56 Wis. 575; and like the defects in *Butler v. Wagner,* 35 Wis. 58, and *Klaise v. State,* 27 id. 462 — which cannot be waived, but are available everywhere, always, and in favor of all persons in interest. Sec. 1531 bestows upon the justice jurisdiction to examine the complainant, on *the return of such warrant.* This refers *ex vi terminorum,* to the warrant provided for in sec. 1530 — a warrant commanding the accused, etc., " to answer such complaint," not a warrant commanding him to be brought before the justice " to be dealt with according to law." Jurisdiction over the subject matter of the examination is made to depend " on the *return* of *such* warrant," not on the return of a warrant of another character, not on the personal appearance of the accused, not on his implied and enforced acquiescence in the return of a different warrant, else the statute would have so provided. 2. Sec. 1531, R. S., provides for adjournments for " cause shown," and that *all* proceeding shall be reduced to writing. The return of the justice fails to set out the " cause " for the adjournment; yet sec. 1533 requires the return to include the examination and all papers in the case; and surely all proceedings when reduced to writing become " papers in the case." Such adjournments were illegal and caused the justice to lose jurisdiction, as in *Hepler v. State,* 43 Wis. 480; *Klaise v. State,* 27 id. 462. The doctrine of *Rindskopf v. State,* 34 Wis. 217; *Jerdee v. State,* 36 id. 170; and *State v. Homey,* 44 id. 619, in each of which

cases there was a voluntary waiver, by consent, should not be applied to the case at bar.    3. A strict compliance with the provisions of sec. 1533, in regard to binding the accused in a recognizance to appear and answer the complaint, is essential to confer jurisdiction of the subject matter upon the circuit or municipal court.   The method and manner in which, and the conditions. upon which, such cases may be transmitted or returned to the trial court, are prescribed and cannot be departed from.   *Clark v. Bowers,* 2 Wis. 123, 127; *Verbeck v. Verbeck,* 6 id. 159, 163; *Chinnock v. Stevens,* 23 id. 396; *Kidder v. Fay,* 60 id. 218; *Morris v. Brewster,* id. 232; *Spaulding v. M., L. S. & W. R. Co.* 57 id. 310.

*H. W. Chynoweth,* Assistant Attorney General, for the defendant in error.

The following opinion was filed May 15, 1886:

LYON, J.   The general provision of the statute is that persons held for trial in bastardy proceedings shall be recognized to the circuit court, and shall be tried there.   R. S. sec. 1533.   But in the act creating the municipal court of Dane county it is provided that all examinations and recognizances in bastardy proceedings shall be certified and returned to that court instead of the circuit court.   R. S. sec. 2515.   It was intended by this act to confer upon the municipal court jurisdiction to try the accused and give judgment.   If the act is valid, it is clear that the plaintiff in error was properly recognized, and his examination properly returned to the municipal court, and that he was properly tried therein.

The validity of this act is denied by the learned counsel for the accused on the alleged ground that it contravenes the provisions of sec. 2, art. VII, of the constitution of this state.   That section gives the legislature authority to vest judicial powers in municipal courts, but provides that the jurisdiction so vested " shall not exceed in their respective

municipalities that of circuit courts in their respective circuits, as prescribed in this constitution." We do not doubt that when the legislature created the "municipal court of Dane county" it intended to and did create a *municipal* court, within the meaning of that term as employed in the constitution, as distinguished from an *inferior* court.

The argument by which the invalidity of the above act is sought to be maintained is that inasmuch as sec. 2515, R. S., practically takes from the circuit court of Dane county jurisdiction in bastardy proceedings, and attempts to confer the same upon the municipal court of that county, it thereby undertakes to give that court jurisdiction in excess of that of the circuit court. This proposition is plausible, yet we do not think the constitutional restriction of jurisdiction is to be taken in any such sense. The jurisdiction of the respective municipal courts is limited to that of the circuit courts in their respective circuits, *as prescribed in the constitution*. The jurisdiction therein prescribed is sufficiently broad and comprehensive to include all special proceedings in their nature judicial. A proceeding in bastardy is a special proceeding of a judicial nature. The constitution confers upon the legislature power to restrict the original jurisdiction of the circuit courts (art. VII, sec. 8); and applying the rule *stare decisis*, it has been held that the appellate jurisdiction of those courts may also be limited by law, by virtue of the same section. *Harrison v. Doyle*, 11 Wis. 283; *McNab v. Noonan*, 28 Wis. 434. But it does not necessarily follow, if the legislature takes from the circuit courts any jurisdiction, either original or appellate, theretofore possessed by them in common with the municipal courts, that the jurisdiction of the latter courts is curtailed to the same extent, or that the legislature may not confer upon municipal courts the jurisdiction thus taken from the circuit courts. The powers of the circuit court may be thus abridged, and that of the municipal courts in the same mat-

ters retained or conferred, without infringing the constitutional rule under consideration. The jurisdiction of the municipal courts, in such case, will not exceed that of the circuit courts in their respective circuits, *as prescribed in the constitution*, although it may, in one county, and in a single particular, exceed that prescribed by the statute for the circuit court of that county.

This construction of the constitutional provision is emphasized, almost required, by the course of legislation for many years past concerning the jurisdiction of municipal courts, and by the circumstance that the validity of such legislation has not before been challenged in this court. Thus, ch. 489, P. & L. Laws of 1871, provided that all appeals from justices of the peace of Milwaukee county, in criminal cases, should be made to the municipal court of that county, and the cases tried therein; *also that examinations, recognizances, and commitments by and before such justices should be returned to that court instead of the circuit court, and the cases there tried. R. S. sec. 2499, amended by Laws of 1879, ch. 256.* The act creating the municipal court of the city and town of Ripon (P. & L. Laws of 1861, ch. 302) provided that all appeals from judgments in civil actions of justices within the municipality should be taken to that court instead of the circuit court. This provision was extended to criminal cases, probably by sec. 2484, R. S., certainly by ch. 150, Laws of 1882. Cases arising before such justices in which the title to land comes in question are also certified to the municipal, instead of the circuit, court. The act establishing the municipal court for Rock county (Laws of 1881, ch. 197) gives the same exclusive jurisdiction to that court, in both civil and criminal cases appealed from justices, in bastardy cases, and in cases certified because title to land is in question.

The above-named courts are, doubtless, municipal courts proper, within the meaning of that term as used in the con-

stitution, and they have constantly exercised the jurisdiction thus conferred upon them. Those acts took from the circuit courts in the respective counties jurisdiction which they theretofore exercised, and conferred the same jurisdiction upon such municipal courts. One of them, at least, has been in operation a quarter of a century, and all of them for several years. During that time the constitutional limits of the jurisdiction of the municipal courts have been much considered by this court, but the limitation here contended for is now, we think, suggested for the first time, although many cases have been adjudicated by this court in which the point could have been raised, and which, had it been sustained, would perhaps have changed the judgments. The validity of those acts has been acquiesced in by the bar and courts too long, and the rights of persons and property have been determined upon the theory of their validity too often, to justify the court in now holding them invalid, unless forced to do so by the plainest provisions of the constitution. We find no clause in the constitution which demands, or which will justify, a ruling that the legislature has, in those acts, attempted to confer unauthorized jurisdiction upon the municipal courts therein named.

It follows that the statute conferring jurisdiction in bastardy cases upon the municipal court of Dane county is a valid law. Hence the defendant was properly recognized to appear in that court for trial, and the court had jurisdiction to hear, try, and determine the case.

What the rule would be should the legislature attempt to confer jurisdiction in bastardy proceedings upon an "inferior court" may be more doubtful. The legislature is only authorized to confer upon such courts "limited civil and criminal jurisdiction." Art. VII, sec. 2. A bastardy proceeding is neither a civil nor criminal case, although, perhaps, it partakes of the nature of both. As already ob-

served, it is a special statutory proceeding. *Baker v. State*, 56 Wis. 568. This question is not here determined.

The remaining errors assigned will be considered somewhat briefly.

1. The mandate of the warrant issued by the justice was to bring the accused before him, "to be dealt with according to law." It should have been "to answer such complaint;" that is, the complaint recited in the warrant. R. S. sec. 1530. We fail to discover any substantial difference in the two forms of expression. The warrant was sufficient to secure the attendance of the accused before the justice, which conferred upon the latter jurisdiction of the person of the accused, and the complaint gave him jurisdiction of the subject matter. Any mere informality in the warrant is therefore unimportant.

2. When the accused was brought before the justice the examination was postponed nine days "for cause shown by the district attorney." On the adjourned day it was again adjourned four days "on the request of the district attorney, and for cause shown." At the appointed time the examination was commenced, but before its conclusion there was another adjournment for eleven days "at the request of the defendant, and upon cause shown." The above quotations are from the record. At each adjournment the accused recognized for his appearance at the appointed time, and regularly appeared before the justice accordingly.

It is claimed that the justice lost jurisdiction of the proceeding by reason of his failure to state in his record, returned to the municipal court, the specific causes for granting such adjournments. We think otherwise. We are not aware of any statute or rule of practice which requires the justice to specify what such causes were. The statute authorizes the justice to adjourn the proceeding from time to time, for cause shown (sec. 1531, R. S.), and the record shows that he did so.

3. On the refusal of the accused to plead to the complaint, the justice entered for him a plea of not guilty. The statute does not seem to call for a plea before the justice, and probably such plea is a nullity. But it cannot prejudice the accused, and is no ground for reversing the judgment.

4. Certain informalities in the recognizance of the accused to answer the complaint in the municipal court are alleged. These (if they exist) can have no effect upon the judgment. The facts remain that he appeared in that court, and was tried and convicted. Had he given no recognizance at all, and remained at large until the trial, the judgment would be unaffected thereby.

5. The trial court sustained objections to certain questions put on behalf of the accused to his own witnesses. Such questions were either in the nature of a cross-examination of his witnesses, or called for hearsay testimony, or for impeaching testimony without laying any proper foundation therefor, or sought to show the reputation of the prosecutrix for chastity. Under elementary rules all such testimony was improper and inadmissible, except, perhaps, it was in the discretion of the court to allow the accused to cross-examine his own witnesses.

Cases are cited to show that the accused should have been allowed to impeach the reputation of the prosecutrix for chastity. They do not sustain the proposition. These cases are *State v. Coatney*, 8 Yerg. 210; *Sword v. Nestor*, 3 Dana, 453; *Short v. State*, 4 Harr. (Del.), 568. The first two cases hold only that evidence of the general bad character of the prosecutrix is admissible to discredit her testimony. The case in Delaware is a *nisi prius* case. It is said the trial court permitted questions to be put and answered as to the general character of the prosecutrix for chastity. On what authority or on what grounds the ruling was made does not appear. The case is worthless as authority. The character for chastity of a woman who appears in court to

affiliate her bastard child is pretty effectually impeached without further proof on the subject; but that has no direct bearing upon the question to be tried,— whether the accused is the father of such child. Of course, he may show what her reputation is for truth and veracity, and thus attack the credibility of her testimony; but that is as far as he can go on questions of reputation. We think the court ruled correctly on objections to testimony.

6. Errors are assigned upon the charge of the judge to the jury; but these were not argued. We fail to discover any error in the charge.

7. We cannot disturb the verdict and judgment on the evidence. The prosecutrix testified that the plaintiff in error is the father of her child, and negatived the possibility that any other man could be its father. The jury believed her testimony, and it was competent for them to do so. Hence the verdict was based on evidence sufficient to support it, and, in the absence of error, this court is powerless to interfere with the verdict or the judgment rendered in accordance therewith.

*By the Court.*— The judgment of the municipal court is affirmed.

A motion for a rehearing was denied September 21, 1886.

See note to this case in 28 N. W. Rep. 183.— REP.