American Loan & Trust Co. vs. Bond.

AMERICAN LOAN & TRUST COMPANY, Respondent, vs. BOND, imp., Appellant.

*September 30 — October 22, 1895.*

**Superior court of Douglas county: Jurisdiction: Constitutional law.**

Under ch. 33, Laws of 1893 — establishing the superior court of Douglas county, and providing (sec. 2) that it shall have jurisdiction in all civil actions and proceedings, except as to actions and proceedings under ch. 151, R. S., concurrent with and equal to the jurisdiction of the circuit court of said county when the value of the property in controversy does not exceed five million dollars, and (sec. 6) that the general provisions of law relating to circuit courts and to civil actions and proceedings therein, and the rules of practice therein, shall be applicable to such court — said superior court may acquire jurisdiction of a defendant by service of process upon him in another county of this state; and the said act is not repugnant to sec. 2, art. VII, Const., which provides that the legislature shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction, and that it shall provide for the election of the judges thereof "by the qualified electors of the respective jurisdictions."

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Thorson & Crawford.* They contended that the superior court has no jurisdiction outside of Douglas county. Sec. 2, art. VII, Const.; *Kentzler v. C., M. & St. P. R. Co.* 47 Wis. 643; *Bugbee v. Lombard,* 88 id. 272; *Atkins v. Fraker,* 32 id. 510; *People ex rel. Beebe v. Evans,* 18 Ill. 361; *Supervisors v. Young,* 31 id. 194; *Meyer v. Kalkmann,* 6 Cal. 582; *Landers v. Staten Island R. Co.* 53 N. Y. 450. The act creating the superior court gives it practically the same jurisdiction as the circuit court. The limitation placed thereon is unreasonable and indicates an evasion simply of the constitution. The act, therefore, being contrary to sec. 2, art. VII, Const., is void.

For the respondent there was a brief by *Pealer, Titus & Lemmon,* and oral argument by *A. C. Titus.*

CASSODAY, C. J.   This action was brought by the plaintiff in the superior court of Douglas county to foreclose a mortgage on lands in that county executed by the appellant and his wife, to secure a note for $12,500 executed by the appellant.   The summons and complaint are in the usual form, and were personally served on *Bond* and wife at Minong, Washburn county, in this state, June 18, 1894.   The defendant *Josiah Bond, Jr.,* appeared specially, and moved to set aside such service on the ground that said superior court had no jurisdiction outside of Douglas county, nor of the action.   From an order denying such motion the said *Josiah Bond, Jr.,* appeals.

The land covered by the mortgage being situated in Douglas county, there can be no question but that the circuit court for that county might have taken jurisdiction of such foreclosure.   The act creating and establishing said superior court provides, among other things, that " such court shall have and exercise powers and jurisdiction in all civil actions and proceedings in law and equity, except as to actions and proceedings under chapter 151 of these statutes, concurrent with and equal to the jurisdiction of the circuit court of Douglas county, when the value of the property in controversy . . . shall not exceed five million dollars."   Laws of 1893, ch. 33, sec. 2.   The exception mentioned does not affect this case.   The same act makes the general provisions of law relating to circuit courts and to civil actions and proceedings therein, and the rules of practice therein, applicable to said superior court.   Id. sec. 6.   Circuit courts have power to issue all writs, process, and commissions necessary to the due execution of the powers vested in them, and as may be " necessary to the full and complete jurisdiction of the causes and parties;" and such courts and the judges thereof " have

power to award all such writs, processes and commissions, throughout the state, returnable in the proper county." R. S. sec. 2420. If the act creating and establishing the superior court of Douglas county is valid, then the statute so applicable to circuit courts is equally applicable to that court; and, since the mortgage might have been foreclosed in the circuit court, it can also be foreclosed in the superior court.

But counsel contend that the act is repugnant to the constitution. They seem to rely upon sec. 2, art. VII, of the constitution, which, among other things, provides that " the legislature . . . shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction; . . . and that the legislature shall provide . . . for the election . . . of the judges of inferior courts, by the qualified electors of the respective jurisdictions." But the size of the district which elects a judge does not necessarily limit the jurisdiction of the court over which he presides. It is true the same section of the constitution expressly provides that the jurisdiction " vested in municipal courts shall not exceed, in their respective municipalities, that of circuit courts, in their respective circuits." Such municipalities undoubtedly refer to cities which may embrace only a part of the territory of a county, or, it may be, parts of the territory of two counties, as is the case with certain cities in this state. But the section studiously avoids the application of this limitation to such inferior courts. The superior court in question is an " inferior court . . . with limited civil and criminal jurisdiction," within the meaning of the clause of the constitution quoted. True, the constitution further provides that " the circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law." Art. VII, sec. 8. Since the legislature is thus expressly authorized to cut down the original jurisdiction of the circuit courts, or any of them, it neces-

sarily follows that it may, if nowhere prohibited by the constitution, vest some of such original jurisdiction in such inferior courts.   In support of this, see the reasoning of this court in *Bookhout v. State*, 66 Wis. 415; *State v. Carpenter*, 68 Wis. 165.   It is to be remembered that the constitution of this state is not so much a grant of power as a limitation of power; and hence the popular branch of the state government possesses all legislative powers not prohibited nor restricted by the fundamental law.   True, the same section of the constitution provides that the circuit courts shall have "appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same."   Art. VII, sec. 8. Under this it may be claimed that the legislature could not take away from the circuit courts such appellate jurisdiction from such inferior courts.   But the constitution also provides that, except in certain cases, the supreme court "shall have appellate jurisdiction only, which shall be coextensive with the state," and "a general superintending control over all inferior courts."   Art. VII, sec. 3.   A county court is manifestly an inferior court (art. VII, sec. 14); and yet it has been held that the legislature has power to authorize appeals in civil causes directly from county courts to this court. *McNab v. Noonan*, 28 Wis. 434; *Harrison v. Doyle*, 11 Wis. 283.

We must hold that the superior court of Douglas county had jurisdiction, and hence the order of that court is affirmed.

*By the Court.*— Order affirmed.