STATE EX REL. T. L. SMITH COMPANY, Respondent, vs.
SUPERIOR COURT OF DANE COUNTY, Appellant.

*October 10, 1919—January 13, 1920.*

*Superior court of Dane county: Supervisory control of circuit
court: Appellate jurisdiction: Depriving circuit court of cer-
tain appellate jurisdiction as limiting supervisory control:
Power of legislature: Mandamus to test refusal to change
venue.*

1. *Mandamus* is the proper remedy to test the validity of an order
   refusing a change of venue, in view of sec. 3069, Stats. (ch.
   212, Laws 1895), rendering such orders nonappealable.
2. The superior court of Dane county, as created by ch. 136, Laws
   1917, is an "inferior court" within the meaning of sec. 8, art.
   VII, Const., giving circuit courts "appellate jurisdiction from
   all inferior courts . . . and a supervisory control over the
   same."
3. Sec. 21, ch. 136, Laws 1917, providing that appeals from the
   superior court of Dane county, with certain exceptions, shall
   be to the supreme court, thereby depriving the circuit court
   for Dane county of such appellate jurisdiction, was within
   the legislative power notwithstanding sec. 8, art. VII, Const.
4. The legislature has no power to take away from the circuit
   courts their "supervisory control" over inferior courts given
   by sec. 8, art. VII, Const., the function of such control being
   to compel inferior tribunals to act within their jurisdiction,
   to prohibit them from acting outside their jurisdiction, and
   to reverse their extra-jurisdictional acts. Such supervisory
   control is separate and independent from appellate jurisdic-
   tion.
5. Sec. 21, ch. 136, Laws 1917, depriving the circuit court for
   Dane county of appellate jurisdiction from the superior court
   of Dane county in certain cases, did not and could not divest
   such circuit court of supervisory control over such superior
   court either directly or by implication.

APPEAL from an order of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

An action was begun by one Albrecht against the relator
in the *Superior Court of Dane County* to recover the sum
of $1,875, claimed to be due on contract. The relator
moved for a change of venue to Milwaukee county on the

ground that its residence was there.   The motion was denied by the *Superior Court,* and the relator procured from the circuit court for Dane county an alternative writ of *mandamus* requiring the *Superior Court* and A. C. HOPP-MANN, the judge thereof, to show cause why the venue should not be changed as demanded by the relator.   The *Superior Court* moved to quash the alternative writ, but the motion was denied and an order was entered accordingly, which also directed the *Superior Court* to make a return to the writ.   From such order the *Superior Court* appealed.

*J. J. McManamy* of Madison, for the appellant.

*John A. McCormick* of Milwaukee, for the respondent.

VINJE, J.   If the circuit court had supervisory control over the *Superior Court* as to the instant case, then *mandamus* was the proper remedy to test the validity of the order refusing a change of venue.   *State ex rel. Spence v. Dick,* 103 Wis. 407, 79 N. W. 421.   Such has been the practice since the passage of ch. 212, Laws 1895, rendering such orders nonappealable.   *Evans v. Curtiss,* 98 Wis. 97, 73 N. W. 432; *Waukesha Co. Agr. Soc. v. Wis. Cent. R. Co.* 117 Wis. 539, 94 N. W. 289; *State ex rel. News Pub. Co. v. Park,* 166 Wis. 386, 165 N. W. 289.

That the *Superior Court of Dane County* as created by ch. 136, Laws 1917, is an "inferior court" within the meaning of sec. 8, art. VII, of the constitution, giving circuit courts "appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same," is established by the decision in *American L. & T. Co. v. Bond,* 91 Wis. 204, 64 N. W. 854, holding that the superior court of Douglas county, which has broader jurisdiction than that of the *Superior Court of Dane County,* is an inferior court.

But sec. 21 of the act creating the *Superior Court of Dane County* provides that

"All appeals in any action or proceeding tried or deter-

mined in the *Superior Court of Dane County* shall be taken to and reviewed by the supreme court in the same manner as appeals from orders and judgments of the circuit court, except that appeals in actions involving a breach of the charter or of any ordinance or by-laws of the city of Madison shall be taken to the circuit court for Dane county."

It will be seen that the instant case does not fall within the exception and therefore the circuit court for Dane county has no appellate jurisdiction thereof. The appeal lies directly to the supreme court. The power of the legislature to take away the appellate jurisdiction of the circuit court was sustained by an early decision of this court. See *Harrison v. Doyle,* 11 Wis. 283, and previous unreported decision therein referred to. This ruling has been steadfastly adhered to (*McNab v. Noonan,* 28 Wis. 434; *American L. & T. Co. v. Bond,* 91 Wis. 204, 64 N. W. 854), and has become a rule of property which this court must now respect no matter what its view thereof might be as an original proposition. The precise question therefore presented by this appeal is whether a circuit court retains supervisory control over an inferior court in cases wherein its appellate jurisdiction has been taken away by the legislature and vested in this court. An affirmative answer to the question is required by the decision in *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 87 N. W. 1107, where it is said that the supervisory control of inferior courts cannot be taken away from the circuit courts.

The decision, though apparently made without a consideration of the cases of *Harrison v. Doyle,* 11 Wis. 283; *McNab v. Noonan,* 28 Wis. 434, and *American L. & T. Co. v. Bond,* 91 Wis. 204, 64 N. W. 854, would no doubt have been the same had these cases been considered by the court, for the ground upon which they were decided has never been clearly justified in view of the specific language of the constitution, but they have been adhered to under the doctrine of *stare decisis.* See *McNab v. Noonan, supra.*

But whether the construction given the appellate jurisdiction be correct or not, it does not govern the construction as to supervisory control. The latter is a separate, independent grant of jurisdiction, which, as construed in *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 87 N. W. 1107, is irrevocably vested in the circuit court. Its function is (a) to compel inferior tribunals to act within their jurisdiction, (b) to prohibit them from acting outside their jurisdiction, and (c) to reverse their extra-jurisdictional acts. *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 512, 107 N. W. 500. This function is an important and substantial one and has frequently been referred to by our court as separate and independent from appellate jurisdiction. *Att'y Gen. v. Blossom,* 1 Wis. 317; *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, 517; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 613, 79 N. W. 1081; *Seiler v. State,* 112 Wis. 293, 87 N. W. 1072; *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 509, 107 N. W. 500; *Income Tax Cases,* 148 Wis. 456, 479, 134 N. W. 673, 135 N. W. 164. Since the superintending control vested in the supreme court is identical in its nature with the supervisory control given circuit courts over inferior tribunals, cases defining both have been referred to above.

It follows, therefore, that the act depriving the circuit court for Dane county of appellate jurisdiction from the *Superior Court of Dane County* in certain cases did not by implication divest it of supervisory control over the *Superior Court* as to such cases, or at all. The act is silent as to supervisory control and hence its loss of jurisdiction thereof, if any, would be by implication alone. But since this jurisdiction cannot be taken away directly, it cannot, of course, be taken away indirectly or by implication.

It follows that the circuit court for Dane county had jurisdiction of the *mandamus* proceeding and that its order must be affirmed.

*By the Court.*—Order affirmed.