CLAUS PETERSON v. STATE OF NEBRASKA.

FILED MARCH 27, 1923. No. 23089.

**Intoxicating Liquors:** INFORMATION: SUFFICIENCY. "In a prosecution under chapter 187, Laws 1917, for having possession of intoxicating liquor, the information need not negative the exceptions under which its possession may be lawful, but these are available in defense." *Fitch v. State,* 102 Neb. 361.

ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*D. W. Livingston,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *C. L. Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ.

LETTON, J.

Plaintiff in error was convicted of a violation of the prohibitory law, and it was also charged that he had formerly been convicted twice of a violation of the liquor laws. He pleaded not guilty, and, after a verdict of guilty, filed a motion in arrest of judgment and a motion for a new trial, which were both overruled and sentence imposed.

The first error assigned is that the information does not state facts sufficient to charge the defendant with a violation of the law. The argument is that, since a person may have liquor in his private dwelling house in a reasonable amount for personal use and needs, the place of the possession ought to be stated in the information, and the fact alleged that it was not in his private dwelling house.

In *Fitch v. State,* 102 Neb. 361, the same contention was made. It was held that in such a prosecution the information need not negative the exceptions under which the possession of intoxicating liquor may be lawful. We adhere to this construction of the statute.

The determination of this point determines also the next conplaint made, which is that it was error to overrule the motion in arrest of judgment, which was based upon the contention that the information was defective in substance.

The next assignment of error is that, since the evidence showed excessive intoxication by which the accused was deprived of reason, the fact of intoxication should have been submitted to the jury in order that it might consider whether in fact a crime had been committed. A search warrant was procured to search the

business premises of the defendant. A number of bottles were found concealed which contained intoxicating liquor, and a number of empty bottles found back of the store and in a shed attached to the store building. He was lying on the floor drunk when the officers entered the store. Afterwards he told the officers that he had bought $270 or $280 worth of liquor and that they had not found it all. Evidence of two prior convictions was also produced. On the witness-stand defendant testified that he had been in the saloon business; that afterwards he conducted a meat market and sold soft drinks, and was in that business at the time of his arrest; that a man from Omaha came and tried to sell him some liquor, but he did not buy any; that this man gave him two or three drinks; that he became intoxicated and remembered nothing more until he found himself in a cell.

Under this evidence the district court was justified in refusing the requested instructions as to the effect of the intoxication of the defendant.

AFFIRMED.