HARRY PAIGE AND LOYD CHRISMAN V. STATE OF NEBRASKA.

FILED FEBRUARY 27, 1931, No. 27759.

*Sullivan & Wilson*, for plaintiffs in error.

*C. A. Sorensen*, Attorney General, and *Clifford L. Rein*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY AND PAINE, JJ.

PER CURIAM.

The defendants were charged with unlawfully manufacturing whisky and having in their possession a still and mash being used in the process of manufacturing intoxicating liquor. They waived trial by jury and the court

found both defendants guilty. They brought proceedings in error here and in their brief and argument narrow the errors down to two questions:

The first complaint is that the district court failed to recognize their attack on the proceedings, based on the ground that the examining magistrate bound them over to the district court and bail in an amount fixed was approved, conditioned on their appearance on the first day of the first term of the district court, instead of requiring them to appear in the district court forthwith. Section 29-506, Comp. St. 1929, requires that in such cases it shall be "conditioned that the accused appear forthwith before the district court, if then in session, and if not in session, then on the first day of the next jury term thereof." Another provision of the same section recites: "No recognizance requiring the accused to appear at the next term of court shall be rendered invalid by the fact that the court is in session." The county judge who bound the defendants over may have had knowledge that the district court in that particular county was not then in session and for that reason did not require the bound-over defendants to appear in the district court forthwith. Moreover, the defendants duly appeared in the district court and pleaded not guilty to the information there filed. The court had jurisdiction over their persons and they were duly tried. It is difficult to see how any departure from the statute in the specific form of their recognizance caused any error prejudicial to the defendants. If they had given no recognizance at all and had remained at large between the time they were bound over and until the time of their plea and trial in the district court, the judgment would be unaffected thereby. *Bookhout v. State*, 66 Wis. 415.

The second point presented by defendants is that the information is fatally defective because it does not recite that the defendants did not have possession of a permit authorizing manufacture of intoxicating liquor. It would seem to be a complete answer to this that the section of the statute describing the necessary qualities of an indictment, information, or complaint, based on the liquor laws

and being a part of the chapter on that subject, expressly provides that it shall not be necessary to negative any of the exceptions contained in the act. Comp. St. 1929, sec. 53-141; *Fitch v. State,* 102 Neb. 361; *Peterson v. State,* 110 Neb. 26.

We have examined the record and find no prejudicial error therein. The judgment of the district court is therefore

AFFIRMED.