CONNORS vs. GOREY.

CONSTITUTIONAL LAW. *Jurisdiction of municipal courts in local and transitory actions.*

1. The act creating the municipal court of the city of Fond du Lac (ch. 474, P. & L. Laws of 1871), is invalid so far as it attempts to give those courts jurisdiction beyond the limits of that city. *Atkins v. Fraker (ante,* p. 510), followed.

2. An action for an unlawful and forcible entry and detainer, under the statute, is *local,* and not transitory; and the municipal courts of the city of Fond du Lac cannot acquire jurisdiction of such an action in respect to lands outside of the city.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is sufficiently stated in the opinion.

*Coleman & Thorp,* for appellant.

*Eugene Hatch* (with *Robert Flint,* of counsel), for respondent.

COLE, J. This was an action of unlawful and forcible entry and detainer, commenced before one of the municipal courts of the city of Fond du Lac. The premises were situated in the town of Ashford, without the territorial limits of the city. The cause was tried in the municipal court, and judgment was rendered in favor of the plaintiff for the restitution of the premises and costs of suit. From this judgment an appeal was taken to the circuit court. On the trial in the circuit court, after the plaintiff had rested, a motion was made for a nonsuit,

because the evidence showed that the court had no jurisdiction further to proceed with the action. The motion was overruled, and an exception taken by the defendant; and the cause proceeded to verdict and judgment for a restitution of the premises to the plaintiff.

The motion to dismiss the cause for the want of jurisdiction should have been granted. The action was *local*, and not *transitory*, in its character. It related to the violent taking and keeping possession of lands and tenements by means of force and without lawful authority. But the real estate was situated beyond the territorial jurisdiction of the municipal court, which, therefore, had no authority to try this action.

Chapter 474, P. & L. Laws of 1871, creates and establishes two municipal courts in the city of Fond du Lac. The act provides that each of the judges of said courts shall be elected for a term of four years; shall possess the powers and authority of a justice of the peace under the laws of the state, except such as are thereinafter otherwise provided; and the fifth section confers upon each of the judges a jurisdiction co-extensive with the county of Fond du Lac, the same as justices of the peace. It was doubtless by virtue of this jurisdiction, co-extensive with the county, that the municipal court assumed to try an action of forcible entry and detainer which related to lands situated without the territorial limits of the city. But we think it was not competent for the legislature, under the constitution, to confer any such jurisdiction upon the municipal court. Article seven of the constitution vests the judicial power of the state in certain courts therein named and established. By a clause in the second section the legislature is authorized also to vest such jurisdiction as shall be deemed necessary in municipal courts, provided that the jurisdiction which may be vested in those courts shall *not exceed in their respective municipalities* that of the circuit courts in their respective circuits, as prescribed in the constitution. And we have held in the case of *Atkins v. Fraker, ante,* p. 510, that this lan-

guage in the constitution makes the jurisdiction which may be conferred upon municipal courts one dependent upon locality, and to be exercised within the territorial limits of the municipality.    It is the same as though the constitution had said, "the legislature may establish municipal courts, which may exercise within their respective municipalities such jurisdiction as may be conferred upon them, providing such jurisdiction shall not exceed that of a circuit court within its circuit."    In other words, the jurisdiction which may be conferred upon such courts must be exercised within the territorial limits of the municipality, and cannot rightfully extend beyond those limits.    It results from this view, that the legislature could not confer upon the municipal courts of the city of Fond du Lac a jurisdiction which should be co-extensive with the county. The nature and extent of the jurisdiction of such courts, when established, are made dependent upon the limits of the municipality.    And as the lands into the possession of which it was alleged the defendant had forcibly and unlawfully entered, were situated without the territorial limits of the city of Fond du Lac, the municipal court had no jurisdiction over this action, which is local in its nature.    If the municipal court had no jurisdiction over the action, it is plain the circuit court never acquired any by the appeal.

The conclusion is, that the circuit court erred in not dismissing the action for want of jurisdiction.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.