## YOUNG VS. LEGO.

REPLEVIN. (1, 2) *Not a local action except in case of property distrained. When police justice has jurisdiction.* (3) *Verdict must decide the ownership of all the property. Judgment for property omitted from verdict, erroneous. Judgment as to part of the property of which defendant, in possession, is found entitled to the possession. Costs. Judgment on reversal : new trial required if verdict leaves any issue undetermined.*

1. Under ch. 123, R. S., actions for the recovery of personal property are *transitory*, except where the property has been *distrained*.

2. The police justice of a city, therefore, may obtain jurisdiction of such an action, where the property (not being distrained) was taken by the defendant outside of such city.

3. In replevin for several chattels the jury found plaintiff entitled to a return of certain of them, and defendant to the possession of certain others, while as to one of the articles there was no finding. *Held,*

   (1) That it was error to adjudge a return to plaintiff of the article omitted from the verdict.

   (2) That although defendant has possession of *all* the chattels in dispute, the statute requires *judgment in his favor* for the articles of which possession was awarded him by the verdict.

   (3) That at any rate defendant was entitled to recover costs. R. S., ch. 120, sec. 159.

   (4) That if the verdict were not fatally defective, the judgment might be reversed, and the cause remanded with directions to enter the proper judgment.

   (5) That for the failure of the verdict to determine the right to the possession of one of said chattels, there must be a new trial.

APPEAL from the Circuit Court for *Chippewa* County.

This is an action brought in the police court of the city of Chippewa Falls to recover possession of certain articles of personal property described in the complaint. The answer is a general denial. The plaintiff recovered judgment for the property claimed, and the defendant appealed to the circuit court. The complaint is in the form prescribed by the statute (R. S., ch. 120, secs. 135 and 141), and the process was personally served on the defendant in said city, but the officer serving the same failed to find and seize the property which is the subject of the action.

The cause was tried in the circuit court, and the jury returned the following verdict: "We, the jury, find for the plaintiff that he is the owner of the 2 ox-yokes, bows and staples, and the value is $14.25; and 3 chains, and their value is $34.00; and 4 comforters, and their value is $8.00; and 1 saw, and the value is $3.50; and cooking utensils, of value of $10.00. And that the total value thereof is $69.75. And we assess the damage for the detention at $14.56. And we find that the five pairs of blankets were the property of the firm of *Lego* & Felix, and that Felix sold his interest to Charles Longevin, and that the defendant is entitled to the possession of the same."

The verdict includes all of the property described in the complaint, except "one kit of carpenter's tools," of the alleged value of ten dollars. Judgment was entered for the plaintiff for the return and possession of all the property described in the complaint, except the five pairs of blankets, or, in case a return cannot be had, for the value thereof as assessed by the jury; also for the damages so assessed, and costs of suit. From this judgment the defendant appealed.

*Bingham & Jenkins*, for appellants, argued, 1. That the judgment should follow the verdict, and could not properly include issues not determined by the jury. *Child v. Child*, 13 Wis., 17. 2. That the jury should pass upon all the issues raised by the pleadings, and no judgment could be

entered until they had done so. *Heeron v. Beckwith*, 1 Wis., 17 ; *Ford v. Ford*, 3 id., 399 ; *Rouge v. Dawson*, 9 id., 246. 3. That the judgment should determine the rights of the parties as to all of the property. *Rose v. Tolly*, 15 Wis., 443 ; *Beemis v. Wylie*, 19 id., 318. 4. That a verdict which fails to find the value of part of the property, is substantially defective. *Saunderson v. Lace*, 1 Chand., 231 ; *Wallace v. Hilliard*, 7 Wis., 627. 5. That the action is local in its nature, and the police justice had no jurisdiction. Hilliard on Remedies for Torts, p. 8, § 14. 6. That want of jurisdiction of the subject matter is not waived by appearance. *Dewey v. Hyde*, 1 Pin., 469 ; *Peck v. School Dist.*, 21 Wis., 516 ; *Damp v. Town of Dane*, 29 id., 419.

*C. J. Wiltse*, for respondent, asked that the judgment be modified so as to exclude the property omitted from the verdict, arguing that the rights of the appellant would be thereby protected, inasmuch as he had possession of the property.

LYON, J. I. It appeared on the trial of the action, that the property in controversy was taken by the defendant outside the corporate limits of the city of Chippewa Falls. It is claimed on behalf of the defendant, that the action is local, and that the police justice had no jurisdiction of the subject matter thereof, because his jurisdiction territorially is confined to such limits. If the action is local, *Connors v. Gorey*, 32 Wis., 518, is an authority which sustains the position. That was an action commenced in a municipal court of the city of Fond du Lac for an unlawful and forcible entry and detainer. The premises were situated outside the territorial limits of the city. The action being local in its character, we held, on constitutional grounds, that the municipal court had no jurisdiction thereof. Strangely enough the learned counsel for the defendant seem to have overlooked that case entirely, and they have referred us to but one authority to sustain the proposition that this is a local action. That authority is Hilliard on Remedies for Torts,

Young vs. Lego.

§ 14, where it is said, "replevin is *local*, and must be brought in the county where the goods are taken or distrained." To this doctrine the author cites *Robinson v. Mead*, 7 Mass., 353. Looking into that case, we find that the court held the action (which was replevin) to be local in its nature; but no opinion was delivered, and the grounds of the decision are not stated. In the argument of one of the counsel, however, a statute is quoted, which provides that where goods and chattels which have been taken, distrained or attached, are claimed by a third person, if he think proper to replevy the same, "he may take out and prosecute his writ of replevin from the clerk's office of the court of common pleas, *in the county where the goods and chattels are thus taken, distrained or attached.*" How far the decision was influenced by this statute, does not appear.

But we need not determine the common-law character of the action of replevin, for we think its character is determined by statute. A brief history of legislation on the subject in this state may not be entirely superfluous. In the revised statutes of 1839 we find the following: "§ 3. Whenever an action of replevin shall be brought for the recovery of goods or chattels distrained for any cause, it shall be laid in the county in which the distress was made, and not elsewhere; in other cases the action shall be laid and tried in like manner as actions of trespass for injuries to personal property." (p. 271.) Inasmuch as the latter are transitory actions, the effect of this statute was to make all actions of replevin transitory, except those brought for goods which had been distrained.

The statute of 1839 was repealed in the revision of 1849, and the following took its place. "Whenever an action of replevin shall be brought for the recovery of goods or chattels, it shall be laid and tried in like manner as actions of trespass for injuries to personal property." R. S. 1849, ch. 119, sec. 3. Of course, while this statute remained in force, all actions of replevin were transitory.

Next came the code and certain amendments thereto, still in

force, in which are enumerated certain classes of actions that "must be tried in the county in which the subject of the action or some part thereof is situated," and certain other classes which must be tried in the county where the cause of action or some part thereof arose. Among the former are actions "for the recovery of personal property distrained for any cause." All actions not thus enumerated may be tried in the county where the defendant may be at the time he is served with a summons. No action to recover personal property is thus enumerated, save those brought for property which has been distrained. The enumerated actions are *local;* all others are *transitory*. R. S. 1858, ch. 123.

Inasmuch as the property sought to be recovered in this action was not distrained, the action is not local, but transitory. It follows that the police court had jurisdiction of the cause.

II. The judgment is irregular in two particulars: 1. It provides for a return to the plaintiff of the kit of carpenter's tools, while the verdict fails to find that he is entitled thereto. 2. The defendant is entitled to judgment for the blankets. R. S., ch. 120, sec. 151. It may be said that, inasmuch as the property was not replevied, but remains in the hands of the defendant, a judgment for the return of the blankets is superfluous. But the statute seems to be imperative that he shall have judgment. At any rate the defendant is entitled to recover costs. R. S., ch. 120, sec. 159. For these reasons the judgment must be reversed. But if no other material error has intervened, and if the verdict is sufficient to warrant a proper judgment, a new trial should not be granted, but the cause should be remanded with directions that the proper judgment be entered. *Everit v. The Walworth County Bank*, 13 Wis., 419.

III. This brings us to the question of the sufficiency of the verdict. Under the decisions of this court in *Everit v. The Walworth County Bank*, *supra; Krause v. Cutting*, 32 Wis., 687; and *Eldred v. The Oconto Company*, 33 id., 133, it can be sustained as a general verdict for the plaintiff for all the property

found to belong to him, and doubtless would be sufficient to sustain a judgment for the recovery of such property, had it determined the rights of the parties as to all of the property claimed. But it fails to determine those rights as to all of the property, and hence, fails to determine all of the issues. The issue as to whether the plaintiff or the defendant is entitled to the kit of carpenter's tools, is left undetermined. This court has repeatedly held that a verdict which leaves any of the issues undetermined, is fatally defective. *Child v. Child*, 13 Wis., 17, and cases cited; *Appleton v. Barrett*, 22 id., 568. Because of this defect, no valid judgment can be entered on the verdict, and there must be a new trial.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.