Shaffel vs. The State.

97 377
97 630
97 377
98 613
97 377
f109 515

SHAFFEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 5 — October 22, 1897.*

*Constitutional law: Inferior courts: Municipal court: Criminal juris-diction.*

1. The "Municipal Court for the Western District of Waukesha County," created by ch. 23, Laws of 1895 (which sets off certain portions of that county into a municipal district, and makes such court one of record with a clerk and seal, and invests it with criminal jurisdiction concurrent with the circuit court in all cases arising within that district, except murder, and also with all the power and jurisdiction of a justice of the peace within that district, and the power to try cases involving the title to lands,. and provides for appeals, etc., from its judgments), is an "inferior court," within the meaning of sec. 2, art. VII, Const., and the act, is valid.

2. A judicial district may lawfully be created, either larger or smaller than a county, and with different boundaries; and the right of a person charged with a criminal offense to be tried by "a jury of the county or district" wherein the offense was committed, guaranteed by sec. 7, art. I, Const., will be preserved if a person charged with a crime committed in such a district is tried by a. jury drawn therefrom.

3. Even if that provision of the act which gives to the clerk of the court power to issue criminal warrants should be held to be invalid, as being an attempt to confer upon him judicial power (as

Shaffel vs. The State.

point not here determined), that would not invalidate the whole act, since the balance of the act does not depend upon that provision.

4. The provision divesting justices of the peace in that district of all criminal jurisdiction does not render the act unconstitutional.

5. Where, upon the trial of a person charged with breaking and entering a building in the night time, etc., the court has given practically all the instructions asked for by the defendant, and told the jury that, to justify a conviction, the breaking must have taken place in the night time, *held*, that its failure to define "night time," as defined by ch. 85, Laws of 1895, was not error, in the absence of any request to do so.

ERROR to review a judgment of the municipal court for the western district of Waukesha county: ANTHONY B. ROGAN, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Ryan & Merton*, attorneys, and *A. J. Dopp*, of counsel, and oral argument by *E. Merton* and *Mr. Dopp*.

The *Attorney General*, for the defendant in error.

WINSLOW, J. The plaintiff in error was convicted in the municipal court for the western district of Waukesha county of breaking and entering a certain slaughter house in the night time, with intent to steal certain hides, and was sentenced to one year's imprisonment in the state prison, and brings error.

The first and principal contention made by the plaintiff in error is that the law creating the municipal court for the western district of Waukesha county is unconstitutional and void, because: First, it does not provide for a jury to be summoned from the entire county, but only from five towns thereof; second, being a municipal court, its jurisdictional limits must be co-extensive with the boundaries of some municipality; third, because taxes are levied upon that part of the county not included within the jurisdictional limits of the court, to pay its running expenses; fourth, because the

Shaffel vs. The State.

law attempts to confer judicial powers upon the clerk of the
court; fifth, because it purports to divest justices of the peace
of all criminal jurisdiction.

The court in question is created by ch. 23, Laws of 1895.
This law sets off the city of Oconomowoc and five towns in
the western part of Waukesha county into a district called
the "Western Municipal District of Waukesha County," and
creates a court in said territory called the "Municipal Court
for the Western District of Waukesha County." This court
is declared to be a court of record, with a clerk and a seal,
and is endowed with criminal jurisdiction concurrent with
the circuit court in all cases arising in the district, except
murder. It is also invested with all the powers and juris-
diction, civil and criminal, of a justice of the peace within
said district; also, with the right to try cases involving titles
to land. Appeals from judgments in civil actions are to be
taken to the county court. Justices of the peace within the
district are deprived of criminal jurisdiction, and the same is
vested solely in the municipal court. Its judgments in crim-
inal cases may be reviewed by the supreme court in the same
manner as a judgment of the circuit court.

We regard this court as unquestionably an "inferior
court," within the meaning of sec. 2, art. VII, Const., which
says: "The legislature may vest such jurisdiction as shall be
deemed necessary in municipal courts, and shall have power
to establish inferior courts in the several counties with lim-
ited civil and criminal jurisdiction." As will be seen from
the foregoing statement of its jurisdiction, this court is a
court of *inferior* jurisdiction. Its powers both in criminal
and civil matters are *limited*, and not general. In criminal
matters it has no jurisdiction of the crime of murder, and in
civil matters it is practically confined, with one exception,
to the jurisdiction of a justice of the peace. It is therefore,
in the truest sense, an "inferior" court; that is, a court of
limited, and not of general, jurisdiction.

Shaffel vs. The State.

It is true that the act terms this court a "municipal court," and it may be at once conceded that the jurisdictional limits of a "municipal court," properly so called, must be co-extensive with the boundaries of some municipality. It seems likely that if there were no other clause of the constitution which could be invoked to support the constitutional existence of this court, save that clause authorizing the creation of municipal courts, then this court could not be upheld. But the fact that the constitution also authorizes the creation of "inferior courts in the several counties," without further limiting their territorial jurisdiction, does, we think, authorize the creation of such a court as the one before us, with jurisdiction over a specified part of a county. This is certainly a court "in a county," and we shall not strain the words of the constitution in order to invalidate an important act. The fact that the court is wrongly termed a "municipal court," when in fact it is an "inferior court," cannot, in reason and justice, affect the question. Such a ruling would sacrifice matters of substance to mere nomenclature.

But it is said that the constitution guarantees to the defendant a trial before a jury of the entire county. The language is, "a jury of the county *or district* wherein the offense shall have been committed; which county *or district* shall have been previously ascertained by law." Const. Wis. art. I, sec. 7. The word "district" here plainly means something different from a county; otherwise the word would be useless. In the case of *In re Eldred*, 46 Wis. 530, it was said that both words must be held to have a meaning and a use. If there may be a district with different boundaries from those of a county, why may not such district be smaller than a county, as well as larger? We see no good reason. Certainly it must be either larger or smaller, if the word is to have any meaning; and we know of no facts, either in the history of the state or of the formation of the constitu-

Shaffel vs. The State.

tion, which would justify us in holding that the word " district," as here used, must mean a district larger than a county, and nothing else. We give the word its natural meaning, and, so doing, we hold that a judicial district may be created smaller than a county, and that a jury summoned from such district satisfies the constitutional guaranty. *State v. Kemp,* 34 Minn. 61. See, on this subject, *Wheeler v. State,* 24 Wis. 52; *In re Eldred,* 46 Wis. 530; *State ex rel. Brown v. Stewart,* 60 Wis. 587.

The remaining contentions are not of serious moment.

The act provides that the clerk of court shall have power to issue criminal warrants, "exercising the jurisdiction of a justice of the peace in granting or refusing the same." It is argued that by this provision judicial powers are attempted to be conferred upon the clerk of the court. This may be true, and, for the purposes of this case, we shall assume that it is; but we find, on looking at the record returned, that the warrant in this case was issued by the court, and not by the clerk. It is very apparent that an attempt to confer judicial power on the clerk in this one respect would not invalidate the whole act, because the balance of the law does not depend upon this provision. If it is void, the court itself has the power to issue warrants, and the invalid provision simply drops out.

The objection that the act is unconstitutional because it divests justices of the peace of all criminal jurisdiction is untenable. That question was definitely settled in *Gilowsky v. Connolly,* 55 Wis. 445.

The court did not state to the jury the definition of " night time," as contained in ch. 85, Laws of 1895. No such charge was asked on either side. The court gave the jury practically all the instructions asked for by the defendant, and told them that the breaking must have taken place in the night time, in order to justify a verdict of guilty. No error is claimed, save the failure to define " night time."

Doubtless, the definition would have been given, had it been asked; but we do not think the mere failure to give it, unasked, is error.

After verdict a petition was made for a new trial on the ground that justice had not been done, and it was overruled. It is contended that the evidence is insufficient to support the verdict. We have read it, and find ourselves unable to say that it is insufficient. It is largely circumstantial, but there are many facts which point to guilt.

We have discussed all the alleged errors for which a reversal is asked, and which seem important enough for discussion, and have found no error.

*By the Court.*— Judgment affirmed.