FRENCH, Respondent, vs. L. STARKS COMPANY, Appellant.

*February 16—March 11, 1924.*

*Courts: Municipal and inferior courts: Process: Jurisdiction.*

1. The legislature may establish inferior courts pursuant to the power granted by sec. 2, art. VII, Const., and confer upon them power to send their processes throughout the state. Such a court would have the jurisdiction so conferred even though, in the act creating it, it was designated a "municipal" court. p. 347.

2. The municipal court of Langlade county, created by ch. 96 of the Laws of 1891, is an inferior court, the establishment of which, with power to send its processes throughout the state, as provided by sec. 46, ch. 303, of the Laws of 1913, is authorized by sec. 2, art. VII, Const., though it is designated in such acts and in ch. 278 of the Laws of 1891, ch. 171 of the Laws of 1903, and ch. 320 of the Laws of 1921 as a municipal court, the jurisdiction of which is limited by such constitutional provision to the boundaries of the county. p. 348.

APPEAL from an order of the municipal court of Langlade county: A. N. WHITING, Judge. *Affirmed.*

Judgment was rendered against the defendant in the municipal court of Langlade county upon the service of a summons made in Vilas county. The defendant moved to set aside the judgment on the ground that the court had no jurisdiction because the process of the court had no vitality beyond the boundaries of Langlade county. The motion to vacate the judgment was denied, and the defendant appealed.

For the appellant the cause was submitted on the brief of *Hay & White* of Antigo.

*Ray C. Dempsey,* attorney, and *George J. Bowler,* of counsel, both of Antigo, for the respondent.

OWEN, J.    The question presented is whether the municipal court of Langlade county acquired jurisdiction of the defendant by the service of its summons made in Vilas county.    The court was established by ch. 96 of the Laws of 1891.    The act creating the court has been amended by ch. 278 of the Laws of 1891, ch. 171 of the Laws of 1903, ch. 303 of the Laws of 1913, and ch. 320 of the Laws of 1921. In all of these acts the court is designated as a municipal court..    Appellant contends that as the jurisdiction of a municipal court cannot extend beyond the county, this court could not acquire jurisdiction by the service of its summons in Vilas county.

It is conceded that if it be a municipal court its jurisdiction may not be extended beyond the boundaries of Langlade county.    This is a constitutional limitation on the jurisdiction of such courts, and has been consistently recognized by this court.    Sec. 2, art. VII, Const.; *State ex rel. Stark v. McArthur,* 13 Wis. 383; *Atkins v. Fraker,* 32 Wis. 510; *Lane v. Burdick,* 17 Wis. 92; *Shaffel v. State,* 97 Wis. 377, 72 N. W. 888.    It has been held, however, that the legislature may establish inferior courts pursuant to the power granted by sec. 2, art. VII, Const., and confer upon such courts the power to send their processes throughout the state.    *American L. & T. Co. v. Bond,* 91 Wis. 204, 64 N. W. 854.    It is argued, by the appellant at least, that the solution of the question presented follows from the name which is given the court—if it be called a municipal court its process is confined to the county, while if it be called a court of inferior jurisdiction its process may extend beyond the limits of the county, and that as the act creating it calls it . a municipal court, it follows that the provision found therein

(sec. 46), "Except as in this act otherwise specifically pro-
vided, said municipal judge shall have all the powers, issue
all writs, orders and process throughout the state and follow
the rules of pleading and procedure applicable in the circuit
court, in the trial of all circuit court actions whether on
appeal, information or originally commenced by process of
the form used in circuit court," is an attempt to confer
extra-constitutional power upon the court.

The name which the legislature saw fit to give this court
is not controlling, nor even of very great weight. It is
settled by *American L. & T. Co. v. Bond,* 91 Wis. 204, 64
N. W. 854, that the legislature may create a court and con-
fer upon it the jurisdiction here challenged, and in the con-
sideration of this question we should consider the power
conferred upon the court rather than its name in determin-
ing its character and jurisdiction. The legislature having
the constitutional power to create this court and authorize
it to send its processes throughout the state, it must be re-
garded as a constitutional court, even though it be accorded
jurisdiction which the legislature could not constitutionally
confer upon a municipal court. The fact that it did confer
such jurisdiction upon this court merely indicates that the
court created was not a municipal court, even though so
designated in the act. The jurisdiction is one which the
legislature might confer upon an inferior court, and it re-
sults that the court thus created is an inferior and not a mu-
nicipal court, though it is designated as a municipal court in
the act.

It was held in *Shaffel v. State,* 97 Wis. 377, 72 N. W. 888,
that the character of a court designated as the "Municipal
Court for the Western District of Waukesha County" would
be determined by the powers conferred upon the court rather
than by the name which the legislature attached to the court,
and this should be done here. It is not denied that the legis-
lature conferred, in terms, power upon this court to send its
processes to Vilas county. It is not denied that it had the

power to create a court and confer upon it such jurisdiction. Such jurisdiction, therefore, gives character to the court and determines whether it is a municipal or inferior court. It being established by our decisions that such jurisdiction is appropriate to inferior, though not to municipal, courts, it necessarily follows that as the municipal court of Langlade county is in fact an inferior court, though it is designated in the act as a municipal court, it had jurisdiction of the defendant, and the order appealed from cannot be disturbed.

*By the Court.*—Order affirmed.