CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, vs. CITY OF RACINE, Respondent.

*November 6—December 3, 1929.*

For the appellant there was a brief by *John F. Baker* and *D. E. Riordan,* both of Milwaukee, and oral argument by *Mr. Baker.*

*Martin R. Paulsen* of Racine, city attorney, for the respondent.

FOWLER, J. Taking a broad view of the matter, no compelling reason appears why the city may not condemn the portion of the right of way involved. While a few courts have held that a municipality has no right to condemn railroad right of way longitudinally for street purposes, this court has never so ruled. If a proposed street extension may cross a railroad, it would seem that when necessity therefor exists it may be permitted to pass over a portion of a railroad right of way on which no track lies or struc-

ture stands. The city does not take the land; it only takes a public right of way over it; and if this public right does not exclude the use the railroad is making of the land, why may the easement not be taken? Aside from crossing, one railroad company may use the right of way of another, provided no main track of the railroad first established be interfered with. Sec. 32.03 (2), Stats. As said in effect in *Pittsburgh & W. R. Co. v. Borough of Butler*, 242 Pa. St. 461, 89 Atl. 579, if one railroad company may take for its use part of a right of way owned by another, when necessity therefor exists, with greater reason may a municipality take it for road use; for in the former case only the respective rights of two private corporations are concerned, while in the latter the public welfare is offset against the inconvenience of a private corporation. A railway company may lay its track along a street. Sec. 190.12. Why with equal reason may not a street be extended along a railroad right of way if necessity therefor exists? The two uses are not exclusive of each other or necessarily inconsistent.

The appellant relies principally upon the general proposition that land devoted to one public purpose may not be condemned for another public purpose in absence of express statutory authority therefor, and urges that there is no statute in Wisconsin conferring power on cities to take railway property for street purposes. This is too broad a statement of the rule. A more correct statement is that a city may not condemn such property unless there be express statutory authority or such authority appears by necessary implication; and the rule is subject to the further modification that such property may be taken if it can be taken without destroying or materially impairing the use of the property for the existing public use. 20 Corp. Jur. pp. 611, 612; 13 Ruling Case Law, p. 44. Under our statute the power exists by necessary implication; and here the company's use of the property will not be destroyed or very much interfered with. The general power of cities to condemn land is expressed by sec. 32.02

(1). Sec. 32.03 names the kinds of property expressly excluded from condemnation by cities, and does not name railroad property. Just as naming the kinds of property that may not be taken by towns for road purposes by necessary implication renders all other kinds of property subject to be so taken, as said in *Smith v. Gould,* 59 Wis. 631, 643, 18 N. W. 457, so here, by necessary implication, railroad property may be so taken by a city. While ch. 32 does not by the terms of sec. 32.03 apply to condemnation by a city of property owned by a public utility, this is because ch. 197 expressly provides for condemnation by a city of such property owned by a public utility as is contemplated by sec. 32.03. Ch. 197 only contemplates acquisition of public utility plants which are engaged in production of heat, light, water or power, and toll-bridges. It was not intended by ch. 197, passed in 1923, to change the power theretofore exercised by cities to condemn property for street use. If cities had the power to condemn railroad right of way property for street extensions prior to 1923, they still have that power.

Counsel for appellant urge that there is no necessity to take its property because other property might be condemned a short distance away to connect the two streets and that there is no necessity to connect the two streets anyway. But the jury has found that it is necessary to take appellant's property for the particular purpose and their finding is not subject to review by the court, because the power to determine necessity is vested in the jury by the constitution, art. XI, sec. 2. While the determination of necessity in most situations is a legislative question (*Wisconsin Water Co. v. Winans,* 85 Wis. 26, 29, 54 N. W. 1003), our constitution confers that power upon a jury in condemnations by municipal corporations. The power in such cases is outside the legislative field. *State ex rel. Allis v. Wiesner,* 187 Wis. 384, 204 N. W. 589. The court has no more power to change a jury's finding of necessity in this field than it has

to change the legislative determination in fields wherein the legislature exercises the power. The jury's finding is conclusive. *State ex rel. Baltzell v. Stewart,* 74 Wis. 620, 631, 43 N. W. 947. Were this not so, the jury's finding here is so supported by the evidence that the court should not disturb it, if the court had the power to do so. Necessity does not mean absolute necessity, but reasonable necessity. *Samish R. B. Co. v. Union B. Co.* 32 Wash. 586, 73 Pac. 670; *Oneonta L. & P. Co. v. Schwarzenbach,* 164 App. Div. 548, 150 N. Y. Supp. 76. Here, as held in *Wis. Tel. Co. v. Railroad Comm.* 162 Wis. 383, 156 N. W. 614, necessity means reasonably necessary, not absolutely imperative.

Counsel urge that to take appellant's property as proposed would violate the due-process clause of the federal constitution, and cites cases as supporting the proposition. But the rulings of these cases are based on the premise that the municipality had not the power to condemn. The premise not existing, the conclusion does not follow.

*By the Court.*—The order of the circuit court is affirmed.