STATE EX REL. SCHNEIDER, Appellant, vs. MIDLAND IN-
VESTMENT & FINANCE CORPORATION, Respondent.

*September 10—October 8, 1935.*

For the appellant there was a brief by *H. H. Heilbron,* attorney, and *D. C. Monte* of counsel, both of Milwaukee, and oral argument by *Mr. Heilbron.*

For the respondent the cause was submitted on the brief of *Gold & McCann,* attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee.

WICKHEM, J.  The sole issue upon this appeal is the constitutionality of ch. 257, Laws of 1933, amending sub. 1 of sec. 15 of ch. 549, Laws of 1909, entitled, "An act to establish the civil court of Milwaukee county and prescribing its jurisdiction and powers." Ch. 257, Laws of 1933, provides that any summons of said court may be served in any county of the state. It is defendants' contention that the civil court of Milwaukee county was and is a municipal court and not an inferior court; that its writs and processes, by virtue of sec. 2, art. VII, of the Wisconsin constitution, cannot extend beyond the limits of the municipality; that a court originally created as a municipal court cannot, by mere amendment extending its powers with respect to summons or other process, be changed into an inferior court, and that even if this could be so accomplished, the title of the act is fatally defective and repugnant to constitutional requirements respecting the title of private and local acts.

The first question is whether the civil court of Milwaukee county, as originally created, was a municipal or inferior court. Sec. 2, art. VII, Const., provides in part:

"The legislature may also vest such jurisdiction as shall be deemed necessary in municipal courts, and shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction. Provided, that the jurisdiction which may be vested in municipal courts shall not exceed in their respective municipalities that of circuit courts in their respective circuits as prescribed in this constitution."

It has heretofore been held that the determining characteristics of a municipal court are: (1) That its jurisdiction must not extend beyond its territorial limits, and (2) that it may not exceed in its jurisdiction within these limits that conferred upon the circuit court. Inferior courts must have a jurisdiction less than that of the circuit court, but the process of such a court may run throughout the state. *American Loan & Trust Co. v. Bond,* 91 Wis. 204, 64 N. W. 854;

*Zitske v. Goldberg,* 38 Wis. 216; *French v. L. Starks Co.* 183 Wis. 345, 197 N. W. 726; *State ex rel. Reynolds v. Sande,* 205 Wis. 495, 238 N. W. 504; *Atkins v. Fraker,* 32 Wis. 510; *State ex rel. Stark v. McArthur,* 13 Wis. *384.

For the moment, the question whether the terms "municipal" and "municipalities," as used in the constitution, refer only to a city or incorporated village, and preclude the legislature from creating a municipal court for a county, will be reserved. The question whether a court created by the legislature is a municipal court or an inferior court is frequently troublesome. No difficulty exists when a court territorially limited to a city or village is given jurisdiction within that territory equal to that of the circuit court. Nor does any difficulty arise where the process of a court inferior in jurisdiction to the circuit court runs throughout the state. The real difficulty arises from the fact that while the jurisdiction of a municipal court may not exceed that of the circuit court, it need not be made equal to it, and that while the process of an inferior court may run throughout the state, it is not required that it do so. Hence, it is possible for the legislature to create a court having a jurisdiction smaller than that of the circuit court, but with no provision that its process shall run throughout the state. In other words, at least if its jurisdiction is confined to a municipality, such a court may be argued to be a municipal court either because it is so limited, or because it is so labeled by the creating act, or because its process does not run beyond its territorial limits, and the fact that its jurisdiction is not equal to that of the circuit court is disposed of by the absence of any constitutional requirement that its jurisdiction be of this scope. It may be argued to be an inferior court because in fact its jurisdiction is inferior to that of the circuit court, and because it is not required that the process of an inferior court run throughout the state. To determine the character of such a court is obviously difficult, because of the failure of the legislature to invest it with the

clear and unmistakable attributes of one or the other type of constitutional court. It is unnecessary here to determine how this court, in every such instance, should solve the problems presented, but it may at least be said that in such a situation the fact that the legislature has designated the court a "municipal" court, becomes a highly significant and probably determining factor in the solution. It is true that this court has said in *French v. L. Starks Co., supra,* that it is the powers of the court which determine its character and not what the legislature has called it. The statement is perfectly true as applied to the facts of that case. There this court was determining the character of a court, the process of which could run beyond the territorial limits of the court, but which was nevertheless designated a municipal court by the act creating it. It is obvious that where the powers of a court precisely fit those of an inferior court, its character cannot be changed by labeling it something else. But where the character of the court as created is inconclusive, the legislative label would seem to be a determining fact.

With these principles in mind, it will now be convenient to consider the provisions of ch. 549, Laws of 1909, creating the court. This chapter provides that: "There is hereby created and established in and for the county of Milwaukee a municipal court to be designated as the 'civil court of Milwaukee county.' " In the original act there was no provision permitting the process of the court to run outside of Milwaukee county. Thus not only did the legislature call this a municipal court, but it failed to invest the court with the one characteristic which would positively identify it as an inferior court. The provision labeling this a municipal court is somewhat more significant in this case than in other cases, for there was no occasion to use the label except for the expression of a legislative determination that the court was to be of that character. In some of the cases where the court was to carry the name of "municipal court," the designation

is not so significant. Here the name of the court was the "Civil Court of Milwaukee County," and there appears to be no occasion for designating it a municipal court unless it was the legislative intention that it be such a court. It is true that the court has characteristics that are consistent with it being an inferior court. Its civil jurisdiction was originally very limited, and is still relatively insignificant as compared to the circuit court. Except for its jurisdiction in bastardy cases, it has no criminal jurisdiction. There is a provision for appeal to the circuit court. All of these characteristics, however, are inconclusive in view of the fact that a municipal court is not required to have jurisdiction equal to the circuit court, and an inferior court is required not to have such jurisdiction. Thus the inferior jurisdiction is not conclusive, and it was within the power of the legislature to designate this a municipal court.

There remains to be considered another troublesome question heretofore reserved. It is contended by plaintiffs that the term "municipalities" as used in sec. 2, art. VII, Const., means a city or incorporated village; that a municipal court must be created with territorial limits coinciding with that of the village or city for which it was created; that its jurisdiction may not extend to the county, and that a county may not be denominated a municipality for the purposes of such a court. If this is a valid contention, there could be no such thing as a municipal court for Milwaukee county, and the court would have to be sustained as an inferior court or the entire creating act held void. This question was raised in *Norton v. Peck*, 3 Wis. * 714. There the court held that an organized town is not a municipal corporation in the sense that sec. 2, art. XI, Const. (having to do with eminent domain), uses that term. The court there said, referring to sec. 2, art. VII:

"It will not be claimed by any one, we presume, that this clause of the constitution gives the legislature power to estab-

lish municipal courts in the several towns in the state, which are organized for the ordinary purposes of township government. The power of the legislature to establish these courts is, as we suppose, confined to cities, and perhaps to incorporated villages."

In *State ex rel. Stark v. McArthur, supra,* the question was squarely raised, but the court did not find it necessary to pass upon it. It was there claimed that the word "municipal" includes only cities and incorporated villages. The court declined to pass upon this question because it held that "there is nothing in the language of the constitution prohibiting the legislature from vesting in such court jurisdiction over territory adjacent to the city or village where it may be . . . conceding that the framers of the constitution contemplated the fact that municipal courts were to be located in cities, the use of these words is explained by the intention merely to describe the kind of court which they wished to authorize; and there is nothing in them which satisfies us that it was the intention to prohibit the legislature from vesting in them any territorial jurisdiction beyond the limits of the cities where they might be." This was said with reference to the then municipal court of Milwaukee, the jurisdiction of which extended to the entire county. That court was held to be a municipal court. Some doubt is cast upon this case by *Atkins v. Fraker, supra.* In that case Mr. Chief Justice DIXON, referring to *State ex rel. Stark v. McArthur, supra,* said:

"Mr. Justice PAINE might have saved himself some labor by regarding the municipal court in the city and county of Milwaukee as one of those authorized by the constitution under the denomination of 'inferior courts in the several counties.'"

This language, however, was unnecessary to the decision, and is merely *dicta.* In *Connors v. Gorey,* 32 Wis. 518, it was held that the legislature could not confer upon the municipal courts of the city of Fond du Lac a jurisdiction ex-

tending throughout the whole county, the jurisdiction of the municipal courts extending only to the limits of the municipality. While this appears to be contrary to the *Stark Case,* it does not bear on the question whether the county may be designated a municipality consistently with the constitutional provision. In *French v. L. Starks Co., supra,* the question was whether the municipal court of Langlade county was a municipal or an inferior court. The jurisdiction of that court extended throughout the county. In opening the discussion in the opinion, this court, through Mr. Justice OWEN, said:

"It is conceded that if it be a municipal court its jurisdiction may not be extended beyond the boundaries of Langlade county."

Here the implication is that the county may be a municipality for the purposes of such a court, but there is no discussion of the point involved here, nor was its determination necessary to the decision. In *State ex rel. Reynolds v. Sande, supra,* it is stated that a court created as a municipal court for Neenah and Menasha could not validly have its jurisdiction extended throughout the county in which those municipalities are located. Here, however, the judge of the court was elected solely by the electors of the two cities, and either the cities constituted the municipality, in which case their boundaries were the limit of the court's jurisdiction, or, if the court was created for the county, the act was void for failure to permit all of the electors of the county to participate in the election of the judge. In *Zitske v. Goldberg, supra,* it is implied that "municipal" means city or village. In *Shaffel v. State,* 97 Wis. 377, 72 N. W. 888, it is said that the jurisdictional limits of a municipal court must be coextensive with the boundaries of some *municipality,* as contrasted with the creation of inferior courts in the several *counties.* This was said with reference to a municipal court for one of the created municipal districts of Waukesha

county. In *Bookhout v. State,* 66 Wis. 415, 28 N. W. 179, the municipal court of Dane county was sustained as a municipal court. In *American Loan & Trust Co. v. Bond, supra,* the court, with reference to the constitutional term "municipalities," said:

"Such municipalities undoubtedly refer to cities which may embrace only a part of the territory of a county, or, it may be, parts of the territory of two counties, as is the case with certain cities in this state."

It is not to be denied that these authorities are confusing and conflicting, largely because the precise question here presented was not involved, or was at most only indirectly involved. They present no obstacle to a present determination of the question upon what this court considers to be sound and applicable principles. We are of the view that the terms "municipal" and "municipalities" are sufficiently broad to include counties which properly fall within the field of municipal corporations. Even if this were not true, we think that at least where a municipal court is located within a city or village, the territory of its jurisdiction may extend to adjoining territory, provided the electors of all the territory thus included are permitted to participate in the election of judge. The jurisdiction of such a court may not extend beyond the limits of the municipality as thus defined. It follows from this that the civil court of Milwaukee county was at its creation a municipal court.

The next question is whether ch. 257, Laws of 1933, has effectively changed the character of the court. We pass the contention that a municipal court may not be changed into an inferior court merely by amending the act to enlarge its powers. It is our view that if such was the intended purpose of ch. 257, its title is fatally defective in that it fails to satisfy the requirements of sec. 18, art. IV, Const., which provides:

"No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

The title designates ch. 257 as "An act to amend sub-section 1 of section 15 of chapter 549, Laws of 1909, as amended by chapter 300, Laws of 1929, relating to the civil court for Milwaukee county." It seems evident to us that there is a distinction between merely increasing the powers of a municipal court while still retaining its character as such a court, and transforming it into a different kind of a constitutional court. It is clear that a mere addition to the powers of a municipal court could be accomplished by a local law such as ch. 257, and that the title would be sufficient for such a purpose. *Yellow River Improvement Co. v. Arnold,* 46 Wis. 214, 49 N. W. 971. In the case cited it was contended that certain amendments to a local law were unconstitutional under this same constitutional provision. The act amended was entitled "An act to incorporate the Yellow River Improvement Company." The act incorporated a stock company, giving it all the ordinary powers of a corporation, and particularly authorizing it to improve the Yellow river in the counties of Wood and Juneau, for the purpose of facilitating the running of logs, lumber, etc., for which it was permitted to collect tolls. The amendments in question were each entitled "An act to amend ch. ——," and contain no further disclosures as to the subject matter of the amendment. The amendatory acts in general simply increased or modified the powers of the corporation. The court held the act to be a local law within the constitutional provision regulating titles. The court held that in order to determine whether the subsequent amendments of the act were violations of the constitution, it is necessary to inquire whether the provisions contained in such amendments could have been embodied in the original act of incorporation without violating the constitution. The court concluded that if, under the original title of the act incorporating the company, it would have been competent to confer upon the corporation powers contained in the amendments, there could be no doubt of the

power to confer them by way of amendment and under the title of "an act to amend" the original act, reciting its title. "Any additional powers may be given to the company under an amendatory act which could have been constitutionally conferred under the original act." While at first glance this may appear to be contrary to the views here expressed, a careful analysis reveals that it is not inconsistent with them: It is true that under the original title, "An act to establish the civil court of Milwaukee county and prescribing its jurisdiction and powers," all of the matter included in the amendment could properly have been included in the original act without violating any constitutional provision, provided the act with such inclusion could be construed to create an inferior court. If it could not, either the act would have been void as an attempt to create a municipal court with excessive powers, or the inclusion would be void as repugnant to constitutional restrictions upon the municipal court sought to be created. When an examination of the act discloses that its subject is the creation of a particular kind of constitutional court, to wit, a municipal court, it is clear to us that the transformation of this court into an inferior court constitutes a new and different subject, which must be expressed in the title of the amendatory act. To hold otherwise would nullify the purposes of the constitutional provision, which are fully discussed in *Milwaukee County v. Isenring,* 109 Wis. 9, 85 N. W. 131, and need not be repeated here.

From what has been said it follows: (1) That the court as originally created constituted a municipal court; (2) that ch. 257, Laws of 1933, is void for repugnance to the requirements of sec. 2, art. VII, Const.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.