PATRICK J. LUCEY, Governor of Wisconsin
You have requested my opinion regarding the constitutionality of Assembly Bill 452 as amended by Assembly Substitute Amendment 1, a bill which provides in part for statewide venue in certain sex crimes prosecutions. Specifically, the pertinent portion of the bill states that:
"Where the offense is in violation of ss. 944.01, 944.02,944.06, 944.10, 944.11, 944.12 and 944.17, it is only necessary that the state prove the event occurred in this state to establish venue."
Article I, sec. 7, Wis. Const., provides that:
"In all criminal prosecutions the accused shall enjoythe right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartialjury of the county or district wherein the offense shallhave been committed; which county or district shall have been previously ascertained by law." (Emphasis added)
The right to be tried in "the county or district wherein the offense shall have been committed" is a personal one of the accused and may be waived only at his request. Bennett v. State (1883), 57 Wis. 69, 14 N.W. 912, 46 Am. Rep. 26. Neither the state nor an agent thereof in a criminal prosecution may waive this right. InWheeler v. State (1869), 24 Wis. 52, a statute providing for a change of venue on motion of the district attorney was held an unconstitutional usurpation of the accused's rights. *Page 451 
Over the years, the Wisconsin court has encountered some difficulty with that venue provision due primarily to the fact that the command is couched in terms of both county and district. What a county comprehends is obvious. Not so obvious is what may constitute a constitutionally valid district. The court has said in this regard that:
"The word `district' here plainly means somethingdifferent from a county; otherwise the word would be useless. In the case of In re Eldred, 46 Wis. 530, it was said that both words must be held to have a meaning and a use. If there may be a district with different boundaries from those of a county, why may not such district be smaller than a county, as well as larger? We see no good reason." (Emphasis added) Shaffel v. State
(1897), 97 Wis. 377, 380, 72 N.W. 888.
What that "something" is has never been precisely determined. Rather the court has been content to define "district" on a case by case basis. Among the conditions which have satisfied the court's notion of a district for venue purposes are the following:
(1) State ex rel. Brown v. Stewart (1884), 60 Wis. 587,19 N.W. 429. Crimes committed within 100 rods [later statutorily changed to 1/4 mile] of the boundary of county A were triable in County A. Such overlap into the next county constituted a valid district.
(2) State v. McDonald (1901), 109 Wis. 506, 85 N.W. 502. Crimes committed on a boundary water (such as Green Bay or Lake Winnebago) were triable in any county which abutted that water, those counties comprising a valid district.
(3) State v. Pauley (1860), 12 Wis. 599. Crimes such as where the victim is wounded in one county and dies in another, are triable in either of the counties.
(4) Pamanet v. State (1970), 49 Wis.2d 501,182 N.W.2d 459. Crimes committed in Menominee County may be tried in Shawano County, the two counties comprising a single "district." *Page 452 
The court has never sanctioned a scheme whereby the entire state would constitute a district within the venue provision of Art. I, sec. 7, Wis. Const. In order to sustain the constitutionality of A.B. 452, the court would have to so hold. This, in my opinion, requires a tortured construction of the word "district" and would effectively render the constitutional command meaningless.
It is, therefore, my opinion that the proposed statute is unconstitutional insofar as it attempts to create a statewide "district" for the trial of sex crimes.
RWW:SOT