DANIEL J. MIRON, District Attorney, Marinette County
You have requested my opinion as to whether a town board in laying out a highway under sec. 80.02 or sec. 80.13, Wis. Stats., may acquire by condemnation county lands entered under sec. 77.13
(1) (1961), Stats. This section provided, prior to its repeal in 1963, that:
"Any county which has title to any lands eligible to registration as forest crop lands shall be deemed an owner as this term is used in this chapter and may register and withdraw such lands under the provisions of this chapter in the same manner and on the same basis as other owners, except that any such county shall not be required to pay the acreage share prescribed in section 77.04 and the real estate *Page 65 
tax prescribed in section 77.10 (2) on any of its lands registered as forest crop lands."
Section 28.11 (2), Stats., provides:
"`County forests' include all county lands entered under and participating under ch. 77 on October 2, 1963, and all county lands designated as county forests by the county board or the forestry committee and entered under the county forest law and designated as `county forest lands' or `county special-use lands' as hereinafter provided."
The registration of county lands, as forest crop lands under former sec. 77.13, Stats., did not affect their status as county lands. Accordingly, it appears that your question is basically whether the town board has the power to acquire by condemnation any county land.
Section 32.03 (1), Stats., provides in part:
"The general power of condemnation conferred in this chapter does not extend to property owned by the state, a municipality, public board or commission, nor to the condemnation by a railroad, public utility or electric co-operative of the property of either a railroad, public utility or electric co-operative unless such power is specifically conferred by law . . . ."
In 30 OAG 266 (1941), the opinion was expressed, by implication, that the term "municipality," as used in sec. 32.03
(1), Stats., includes within its meaning counties as used in sec.32.02 (1), Stats. In State ex rel. Schneider v. Midland I.F.Corp. (1935), 219 Wis. 161, 262 N.W. 711, the court was concerned with an entirely different subject matter, but held the term "municipality" to be sufficiently broad to include counties. In 47 OAG 270 (1958), this office expressed the opinion that the term "municipality," as used in sec. 32.03 (1), Stats., includes a county. In this same opinion, the conclusion was reached that under sec. 32.03 (1), Stats., a city of the fourth class may not condemn county property for a city sewage disposal plant. Following this opinion, the legislature in ch. 639, Laws of 1959, repealed and recreated ch. 32, Stats., without changing the provisions of sec. 32.03 (1), Stats. Under this circumstance, the opinion of this office is entitled to considerable *Page 66 
weight. Wisconsin Valley Imp. Co. v. Public Serv. Comm. (1959),9 Wis.2d 606, 101 N.W.2d 798.
The opinion expressed in 47 OAG 270, was based, in part, onChicago N.W. R. Co. v. Racine (1929), 200 Wis. 170,227 N.W. 859. In this case, the city of Racine was attempting to condemn the land of a railroad company. The court held on page 173:
"The appellant relies principally upon the general proposition that land devoted to one public purpose may not be condemned for another public purpose in absence of express statutory authority therefor, and urges that there is no statute in Wisconsin conferring power on cities to take railway property for street purposes. This is too broad a statement of the rule. A more correct statement is that a city may not condemn such property unless there be express statutory authority or such authority appears by necessary implication, and the rule is subject to the further modification that such property may be taken if it can be taken without destroying or materially impairing the use of the property for the existing public use. 20 Corp. Jur. pp. 611, 612; 13 Ruling Case Law, p. 44. Under our statute the power exists by necessary implication; and here the company's use of the property will not be destroyed or very much interferred with. The general power of cities to condemn land is expressed by sec. 32.02 (1).Sec. 32.03 names the kinds of property expressly excluded fromcondemnation by cities, and does not name railroad property. Just as naming the kinds of property that may not be taken by towns for road purposes by necessary implication renders all other kinds of property subject to be so taken, as said in Smith v.Gould, 59 Wis. 631, 643, 18 N.W. 457, so here, by necessary implication, railroad property may be so taken by a city. . . ." (Emphasis supplied)
Accordingly, I am of the opinion that absent express statutory authority to the contrary, a town may not condemn county land.
RWW:CAB